AYLESWORTH v. PHŒNIX CHEESE CO. et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. MASTER AND SERVANT ☜87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—HARVESTING ICE—HAZARDOUS EMPLOYMENT.
    Where plaintiff, being specially employed to harvest ice by a company engaged in the preparation of foodstuffs, and not a workman in the factory, had his fingers frozen while so harvesting, he was not entitled to compensation under section 2, subd. 33, of the Workmen's Compensation Act (Consol. Laws, c. 67), which names as one of the hazardous occupations the "canning or preparation of * * * foodstuffs, * * *" nor is the harvesting of ice otherwise a hazardous employment, within the enumeration of section 2.

2. MASTER AND SERVANT ☜87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—HAZARDOUS EMPLOYMENTS—CONSTRUCTION.
    The express mention of the matters embraced in the several groups of hazardous employments in the Workmen's Compensation Act necessarily excludes those not mentioned.

3. MASTER AND SERVANT ☜87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—CONSTRUCTION—"EJUSDEM GENERIS."
    The rule of "ejusdem generis" prevents any extension of the hazardous employments enumerated in the Workmen's Compensation Act.

Appeal from Order of Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Act by Earle Aylesworth to recover for personal injuries, opposed by the Phœnix Cheese Company, employer, and the Zurich General Accident & Liability Insurance Company, Limited, insurance carrier. From the award made, defendants appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Alfred W. Andrews, of New York City, for appellants.

Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondent.

WOODWARD, J. [1] It appears from the claim filed by Earle Aylesworth that he was engaged in floating ice on the Nandella river on the 26th day of December, 1914, in the forenoon of that day, and that while so engaged two of the fingers of his right hand were frozen, so that amputation became necessary. The general work undertaken by the Phœnix Cheese Company at the time of the freezing was harvesting ice, and the claimant was employed solely for this purpose.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He was asked, "How long have you worked for present employer?" and the answer was, "Just filling their icehouse." Asked if he was doing his regular work when injured, the answer was, "Yes." It thus appears that the Phœnix Cheese Company employed the claimant for the single purpose of harvesting ice, and his special duty appears to have been the floating of the cakes of ice after they had been cut. In performing his work upon a day in December, when the mercury stood at 30 degrees below zero, he froze some of his fingers, and the Compensation Commission has awarded him $159.50. The Phœnix Cheese Company and the Zurich General Accident & Liability Insurance Company, the insurance carrier, appeal from the order.

Obviously this award cannot be sustained. The only subdivision of section 2 of the Workmen's Compensation Act suggested as covering this case is subdivision 33, which names as one of the hazardous groups the "canning or preparation of fruit, vegetables, fish or foodstuffs; pickle factories and sugar refineries." The theory appears to be that the Phœnix Cheese Company (which we will assume is engaged in the preparation of foodstuffs) was the employer of the claimant, and that the harvesting of ice was incident to its business of preparing foodstuffs. What might be the law if the claimant was regularly employed in making cheese, and had been sent out into a freezing cold to assist in gathering a crop of ice, is not now before us. The record shows that he was employed for this special purpose, and was engaged in his regular occupation when the injury was sustained, and there is no suggestion in the statute that a common laborer engaged in harvesting ice is engaged in a hazardous occupation.

[2, 3] "Hazardous employment," as defined by section 3 of the act in question, "means a work or occupation described in section 2 of this chapter"; and section 2 provides that the "compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employés engaged in the following hazardous employments." Among such employments there is no mention of harvesting ice, and the record conclusively shows that the claimant was not employed in "canning or preparation of fruit, vegetables, fish or foodstuffs; pickle factories and sugar refineries." He was at work at his regular employment of harvesting ice, and under well-established rules of construction the language of the Workmen's Compensation Law found in group 33 of section 2 cannot be stretched to cover this case. First, the express mention of the matters embraced in the several groups necessarily excludes those not mentioned (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565); and, second, the rule of ejusdem generis would prevent any general language to be extended beyond the special language used (People ex rel. Kinney v. White, 64 App. Div. 390, 392, 72 N. Y. Supp. 91; Lantry v. Mede, 127 App. Div. 557, 560, 111 N. Y. Supp. 833).

The order appealed from should be reversed, and compensation denied. All concur.