(173 App. Div. 377)

### LYON v. WINDSOR et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1916.)

1. MASTER AND SERVANT ⬅⬆361—WORKMEN'S COMPENSATION LAW—"HAZARDOUS OCCUPATION"—SALESMAN.

An employé, whose principal duty is to sell women's clothing, is not engaged in a "hazardous occupation," within the meaning of group 38 of section 2, Workmen's Compensation Law (Consol. Laws, c. 67), merely because in the course of his duty as salesman he incidentally goes to the factory to obtain completed garments.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬅⬆361.

For other definitions, see Words and Phrases, First and Second Series, Hazardous.]

2. MASTER AND SERVANT ⬅⬆405(1)—WORKMEN'S COMPENSATION LAW—EVIDENCE—SUFFICIENCY.

Evidence examined, and *held* not sufficient to sustain findings of fact by Industrial Commission.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬅⬆405(1).]

3. MASTER AND SERVANT ⬅⬆416—WORKMEN'S COMPENSATION LAW—FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Findings of fact by Industrial Commission examined, and *held* not to warrant conclusions of law, nor to justify award.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬅⬆416.]

4. MASTER AND SERVANT ⬅⬆361—WORKMEN'S COMPENSATION LAW—TEST OF LIABILITY—HAZARDOUS OCCUPATION.

The employé's actual work or occupation, not the employer's business, is the test of liability under the Workmen's Compensation Law (Consol. Laws, c. 67), providing compensation for employés in hazardous occupations.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬅⬆361.]

Kellogg, P. J., dissenting.

Appeal from Award of State Industrial Commission.

Proceeding by Robert Lyon under the Workmen's Compensation Law against Rose Windsor and another, employers, and the Zurich General Accident & Liability Insurance Company, Limited, insurance

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

carrier. From the award of the State Industrial Commission, defendants appeal. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Alfred W. Andrews, of New York City (John N. Carlisle, of Albany, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., and Robert W. Bonynge, of New York City, Counsel to State Industrial Commission, of counsel), for State Industrial Commission.

WOODWARD, J.    [1] The award made by the State Industrial Commission must be set aside, as unsustained by the findings or the evidence, and as based upon an erroneous conception of the Workmen's Compensation Law. The claimant was a salesman. His duties were performed within the place of business of his employers, the firm of Windsor & Davis, copartners in the business of manufacturing dresses and women's gowns. The claimant's principal, if not exclusive, duties were those of salesmanship. He concededly had nothing to do, by way of either participation or supervision, with the actual manufacture of anything. The record contains nothing concretely indicating any duties or acts on the part of the claimant, beyond those ordinarily and reasonably incident to the performance of his regular work as salesman. He did no traveling for the employers. He ordinarily sold goods to customers in the showroom, which was connected directly with the factory, and was in the front part of the same building and on the same floor. The claimant's duties took him frequently into the rooms where the manufacturing was actually carried on. The only testimony adduced before the Workmen's Compensation Bureau of the State Industrial Commission, as explanatory of the circumstances of the accident which befell the claimant, was the following:

"This accident happened during my duties which called me to the factory. * * * Q. You were attending to a customer when the accident happened? A. Yes. Q. The customer was in the showroom, and you were going into the factory? A. Yes. * * * Q. What have you, a broken kneecap? A. Yes."

The employés' "first notice of injury" stated as the "cause of accident" that the claimant "fell on floor"; the employé's "claim for compensation" stated that the claimant "fell on stone floor while passing through factory"; the employers' "first report of injury" stated that the claimant "was walking to a rack of dresses to get one to show to a customer, when he fell"; but the only testimony adduced as to the liability or circumstances of the accident, the nature or extent of the injuries, or the duration or extent of the disability, was that above quoted. Yet from this testimony the Commission very solemnly found as a "conclusion of fact" that:

"While Robert Lyon * * * was passing through the factory, he slipped on a stone floor and fell, receiving a fracture of the right patella, by reason of which injury he was disabled from working from the date of the accident to August 6, 1915, and on that date was still disabled."

[2, 3] Before considering the merits of the question essentially here at issue, viz., whether the claimant salesman was engaged in the "man-

ufacture of * * * women's clothing, white wear, * * * or robes," within the meaning of group 38 of section 2 of the Workmen's Compensation Law, expression should be made of regret that the evidence taken in this case is so scanty and meager, and that the findings and record alike are so barren of those details essential to an award under forms of law and in conformance to reasonable procedure. Altogether outside of the merits of the essential question at issue as above outlined, this award would necessarily be reversed and the proceeding remanded to the Commission for hearing, for the reason that by no possibility does the evidence warrant or sustain the findings of fact, nor do the so-called findings or conclusions of fact sustain the so-called rulings of law or the award predicated thereon. Money may not be taken, directly or indirectly, even from the purchasers of women's apparel and the community at large (Matter of Rheinwald, 168 App. Div. 425; 153 N. Y. Supp. 598), upon such a paucity of findings and proofs.

I prefer, however, to discuss the vital question on its merits, and here I find that by the claimant's own statements of fact his injury did not occur under circumstances entitling him to the benefit of this salutary statute. The Legislature has not yet defined salesmanship, outdoor or indoor, as by nature a "hazardous" employment. The Legislature has not yet placed the exhibition and selling of feminine apparel within the category of occupations enumerated in section 2. The situation at bar, therefore, falls fairly within the rule laid down by this court in Matter of Gleisner v. Gross & Herbener, 170 App. Div. 37, 155 N. Y. Supp. 946, where this court said:

"The actuality, rather than the appellation, is the sound basis for the Commission's action in determining whether an employé met with mishap in the course of an enumerated employment. If, within the scope of his duties, he was injured while actually and unmistakably doing, at the moment, work of a kind specifically defined in the statute as 'hazardous,' his right is clear. Under other circumstances his right must depend on proof of facts regarding which the present findings and the present record are alike inadequate basis for affirming an award. The applicability of the enumerations or definitions of 'employments' deemed entitled to the protection of the statute is, of course, not to be determined narrowly and constrainedly, but rather in the reasonable and common-sense manner essential to the vitality of the operation of the statute. If an employé is hired for work falling exclusively or predominantly within one or more of the enumerated occupations, his right to compensation for injury in the course of his employment cannot fairly be made to hinge on a finding that he was, at the moment of injury, engaged in an act clearly constituting the direct doing of work named in the act. The painter's right to compensation for injury sustained at his daily trade does not depend on a showing that he was at the moment applying a brush, mixing paints, or mounting a scaffold. If an employé's duties are exclusively or predominantly within an enumerated employment or employments, and he is injured while doing work fairly within the scope of the ordinary and accustomed fulfillment of such duties, he has a rightful claim, even though the particular act he was doing when mishap befell him would not, of and by itself, ordinarily be described by the use of phraseology contained in the statute, or as the doing of work enumerated in the statute. To hold otherwise would defeat the fair purpose of the law, and make its operation hinge and its benefits depend on harsh, arbitrary, and unworkable distinctions, which would inevitably paralyze its practical workings. Where, however, as apparently here, the employé's ordinary duties and accustomed scope of activities do not come exclusively or predominantly within the

catagory of enumerated employments, and only casually and incidentally does he do work fairly falling with that category, his right to remuneration must hinge on a finding that he sustained injury while actually and momentarily doing work named in the statute. If the employer shows that the employé was not so engaged when he met with injury, he is not entitled to reimbursement under the statute, even though he at times did work embraced within the statute."

The claimant's contention here is that a "salesman" becomes engaged in the "hazardous employment" of manufacturing dresses if, in the course of his work of selling dresses, he went into the place where dresses were being manufactured, even though the purpose of going there was not to participate in manufacture, or perform any act incidental to any process of manufacture, but only to obtain a completed garment for exhibition to a customer in the adjoining showroom. To state the contention is to expose its unsoundness, in law and in common sense. The ordinary activities of salesmanship are not embraced with the "manufacture" of the article being sold. The claimant had nothing to do with manufacture, in the general round of his daily tasks. He was injured while doing what he ordinarily and often did. By no stretch of fact or fancy can he be said to have been, at the moment of injury or at any other moment, engaged in the "manufacture" of the article he sought for purposes of display and sale. A salesman does not become an artisan, or a participant in any process of manufacture, merely by crossing the threshold of a factory.

The contention of my learned colleague that this award should be sustained by this court seems to be based upon two fundamental misapprehensions, which derive an especial significance from the manner in which employers in this state most commonly "provide" for the payment of the statutory compensation. The first is that "evidence" to sustain findings and an award can be said to exist where, as here, despite all the detailed facts which I have summarized, the testimony contains a few loose phrases, comments, and conclusions, not inconsistent with the facts testified to, and also not inconsistent with a state of facts which would sustain the award. For example, the claimant salesman at bar described himself in his testimony as—

"indoor salesman and general assistant; anything that comes up in the business during the day. * * * I do whatever comes along in the showroom or factory. Things come up that bring me all over the floor, and this accident happened during my duties which called me to the factory."

The employer entered no specific denial of the accuracy of these observations, although the whole record, by its concrete facts disclosed, operates to refute such observations, and is far from sustaining them. As I have observed, there is no detail of evidence showing that in the fancied capacity of "general assistant" the claimant ever did anything, by way of supervision or participation, which actually had aught to do with manufacture. "Things" did "come up" which took him to the factory as well as showroom portion of the "floor"; but it does not appear that any of these acts or duties ever concerned anything except the display and selling of goods. He went into the factory, truly enough, as in this instance, but to procure completed goods for exhibition, not to help or supervise the making. A salesman who

slips and falls on a floor, when in the act of taking completed dresses. from a rack for the purpose of carrying them back to a customer waiting in the showroom, can hardly be said to sustain an injury arising "from" and "out of" employment in the "manufacture of women's clothing." Details of actual tasks and duties must be developed before the Commission, rather than scant comments and conclusions such as those claimed to create a controversy of fact in this instance. This becomes especially important under the practical current workings of the Compensation Law. After the employer has paid a substantial premium to an indemnity company as "insurance carrier," the employer and his employés often find little or no reason for the elucidation of facts which might prevent a fellow employé, usually one still in the service, from receiving a substantial stipend from the indemnity company during the period of disability. There is a recognizable human temptation and tendency to "stretch" the facts, indulge in generalities, and let fall helpful observations, where the outcome will be indemnity to an injured friend and coworker without apparent additional cost to the employer. This human factor is one which the Commission and courts must watch, in the practical working of the law. Neither Commission nor courts have a right to let the zeal of the claimant or his coworkers and the indifference of the insured employer give evidentiary force, much less decisiveness in themselves, to mere observations and conclusions which would have no place at all in the record of proceedings before a tribunal governed by the historic concepts and rules of orderly proof.

[4] In the second place, the contention of my learned Brother is, in the last analysis, based fundamentally on a conception of the scope of a workmen's compensation plan which should be addressed to the Legislature, rather than sought to be accomplished by the courts. Basically, his view would make the employer's business, not the employé's occupation or actual work, the test of the employé's right to the protection of the statute. The employer is in the business of "the manufacture of women's clothing." That is one of the enumerated employments. Therefore the salesman who sells the goods manufactured, the truckman who delivers them, the bookkeeper who keeps the accounts, the stenographer who writes the letters, the telephone girl who operates the switchboard, the boy who runs the errands and sweeps the office floor, are all engaged in the "manufacture of women's clothing" and are entitled to statutory compensation, if injured while working for that employer, even though other salesmen, bookkeepers, stenographers, telephone operators, and office boys are left to the inadequate remedies of actions for damages for negligence. The question whether the salesman, stenographer, or office boy met with injury while on the factory floor or in the office proper, perhaps in a detached or distant building, or even outside any premises owned or used by the employer, is by the statute expressly made immaterial. The test is whether the injury came in the course of the employment and arose out of work being done by the employé, no matter where. A salesman or stenographer, employed by a concern which manufactures "women's clothing," is neither more nor less engaged in the "employment" of such "manu-

facture," when he or she is doing work of salesmanship or stenography in the factory rooms, than when doing the same work in the office proper, wherever that office may be. The Legislature has not yet, in my judgment, made the employer's business the test, and given all his employés the protection of the statute, if only the business carried on by the employer is one of those enumerated in the statute. The employé's right to compensation arises when he does work enumerated in the statute. His own occupation and employment, the thing which he does for his employer, confers the right, not the nature of the employer's business. In other words workmen's compensation has not yet been made by the statute a matter of employer insurance or business insurance. The law does not yet say that all persons employed, in whatever capacity, by a particular employer or class of employers shall come within the statute. The law does not yet say that every person who is employed, in any capacity, in the course of a particular business, shall come within the statute. The law does not say that "compensation * * * shall be payable for injuries sustained * * * by employés engaged in the following hazardous employments." The work of salesman of women's apparel has not been determined to be any more "hazardous" than any other salesmanship; only the "manufacture" has been declared "hazardous." The risk and hazard that a salesman may slip and fall on a stone floor are no greater if he sells women's clothing than if he sells shoelaces. The statute does not yet say, on the other hand, that an employé who is injured while authorizedly doing for the employer work which the Legislature has defined as hazardous is barred from compensation unless that work identically represents the business carried on by the employer. As pointed out in Matter of Rheinwald, 168 App. Div. 425, 153 N. Y. Supp. 598, the Workmen's Compensation Law is legal enactment of a social conviction that the risks incurred by those who do the manual work of inherently dangerous and "hazardous" employments should be made a charge upon the cost of the product, without regard of proof of legal fault. It does not represent a belief that, because some part of the employer's business requires some of the employés to do work defined as "hazardous," thereby all the employés of that business become entitled to the statutory indemnity for disabling accident.

Here again the presence of the indemnity companies as a predominant factor in the provision of insurance under the statute has led to confusion of interests, and has brought in a practice broader than the statute. Protection of the employer against claims by any worker has become a common undertaking of the insurance carrier. The employer "insures" himself against any claims by his employés, no matter what their principal or casual duties. Yet this fact should not lead to judicial legislation broadening the statutory purpose, or produce departure from the wise and workable standards unanimously declared by this court in the Gleisner Case above quoted. The fact that this claimant's employer is engaged in the business of manufacturing and selling women's clothing, and that the claimant worked in the selling, does not warrant the conclusion that this salesman was "engaged" in the "hazardous employment" of the "manufacture of women's cloth-

ing." That showroom and factory room were on the same floor does not change the situation. That the salesman's duties took him into the factory, and that he slipped and fell while there, does not alter the legal principle, or make salesmanship a part of "hazardous" manufacture. The risk assumed by the worker, by the nature of his work, not the product sold or the service rendered by the employer, determines the applicability of the statute. If another rule is to be imposed, that is a task for the Legislature, not this court, as the learned Presiding Justice proposes.

Nothing decided by this court in Matter of Benton v. Fraser (January 5, 1916) 156 N. Y. Supp. 1115, Matter of Nicholson v. A. Klipstein & Co. (November, 1913) 155 N. Y. Supp. 1127, Larsen v. Paine Drug Co., 169 App. Div. 838, 155 N. Y. Supp. 759, Berliner v. Ritchie & Cornell (January 5, 1916) 156 N. Y. Supp. 1115; or Matter of Burton v. James A. Whelen & Sons, Inc. (January 5, 1916) 156 N. Y. Supp. 1117, is at variance with the views herein expressed. Matter of Aylesworth v. Phœnix Cheese Co., 170 App. Div. 35, 155 N. Y. Supp. 916, Matter of Sickles v. Ballston Refrigerating Storage Co. (January, 1916) 171 App. Div. 108, 156 N. Y. Supp. 864, Matter of De la Gardelle v. Hampton Co., 167 App. Div. 617, 153 N. Y. Supp. 162, and Matter of Gleisner v. Gross & Herbener, supra, are in full accord.

The award is set aside, and the matter remitted to the Commission for further action.

LYON, HOWARD, and COCHRANE, JJ., concur.

JOHN M. KELLOGG, P. J. (dissenting). The claimant swore that he was an—

"indoor salesman and general assistant, and anything that comes up in the business during the day. I am in the whole day. I am absolutely not a traveling man. I do whatever comes along in the showroom or factory. Things come up that bring me all over the floor, and this accident happened during my duties which called me to the factory."

The employer did not controvert this evidence. I think it is a mistake to treat the claimant as a mere salesman. The showroom and factory were in the same building, and he was employed generally in either room as salesman or general assistant, as occasion required. The findings are binding upon us. They rest comfortably upon the evidence, and if we were at liberty to review them we could not say that they are unsupported.

I favor affirmance.