Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JACOB DOSE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* MOEHLE LITHOGRAPHIC COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, July 2, 1917.

Workmen's Compensation Law — bricklayer employed to repair building occupied by company engaged in hazardous employment not an " employee " within meaning of statute — amendment of 1916 to subdivision 4 of section 3 defining " employee " construed.

A bricklayer, employed by the day by a company conducting a lithographing and printing business, a hazardous employment under section 2, group 40, of the Workmen's Compensation Law, to point up one of the walls of the building wherein the business of the employer was conducted, is not an " employee " engaged in a hazardous business within the meaning of the statute, and his injury while so engaged does not arise " out of and in the course of " an employment " carried on by the employer for pecuniary gain."

Full effect may be given to the amendment of 1916 to subdivision 4 of section 3 of the Workmen's Compensation Law defining the term " employee " by applying it to cases of employees who are injured while engaged in " a trade, business or occupation carried on by the employer for pecuniary gain," although it may not be the " principal business " of such employer.

APPEAL by the defendants, Moehle Lithographic Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 1st day of December, 1916.

*Robert H. Woody* [*Norman G. Hewitt* and *Morris Cooper, Jr.,* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

Cochrane, J.:

The employer was conducting a lithographing and printing business which is made a hazardous employment under section 2, group 40, of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622). The employee was a bricklayer by occupation and was employed specially to point up one of the walls of the building wherein the business of the employer was conducted and to repair some cracks in the wall. He was paid six dollars a day for his labor and four dollars a day for a helper to be provided by himself. The employer furnished the materials and ladders and scaffolds. The claimant had been working two or three days when a scaffold on which he was standing fell and he received the injuries for which the award has been made.

The case in its material facts cannot be distinguished from *Matter of Bargey* v. *Massaro Macaroni Co.* (170 App. Div. 103; affd., 218 N. Y. 410).

In the year 1916 subdivision 4 of section 3 of the act defining the term "employee" was materially amended. The amendment was far reaching and doubtless overcomes the effect of many decisions theretofore made. The amendment must be construed, however, in connection with other provisions of the statute and it still remains true that under section 10, and subdivision 7 of section 3, the injury for which compensation is made must arise "out of and in the course of" the "employment," and the term "employment" under subdivision 5 of section 3 "includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." The amendment in question would not have entitled the claimant to an award in the *Bargey* case and does not entitle the claimant to an award in this case because neither the injury in that case nor in this case arose "out of and in the course of" an employment (§ 10, and § 3, subd. 7)

" carried on by the employer for pecuniary gain " (§ 3, subd. 5). Bargey was a carpenter and was employed specially to do work of that character on the building wherein the hazardous business was conducted. He had no connection with that business. So here the claimant was a bricklayer employed specially to make specific repairs to the building and had no connection whatever with the hazardous employment conducted therein. His injury arose not out of and in the course of the work of lithographing and printing but of bricklaying. The employment of bricklaying was not " carried on by the employer for pecuniary gain " any more than the work of structural carpentry was so " carried on " in the *Bargey* case. The observation of the Court of Appeals in that case that " this conclusion is obvious beyond the need of discussion " is still pertinent and is equally applicable here. The case of *Matter of Mulford* v. *Pettit & Sons* (175 App. Div. 958; affd., 220 N. Y. 540) is essentially different in its facts from the present case. There the award was sustained both in this court and in the Court of Appeals. In the opinion by the latter court the opinion in the *Bargey* case is commented on, but we discover nothing in such comments affecting the essential features on which that case was decided and which are present in this case. We do not think that if an employer conducting a hazardous business within a building employs a painter to paint the building, or a plumber to repair a broken pipe therein, or a mason to repair the walls thereof, that it can be said that the business of painting or plumbing or, masonry is " carried on by the employer for pecuniary gain " or that it is " carried on by the employer " in any sense whatever without stretching the meaning of those words beyond their ordinary and reasonable significance. The employment in such a case is special and incidental and for a particular purpose. The amendment in question to subdivision 4 of section 3 was not particularly for the purpose of overcoming the effect of the decision in the *Bargey* case, because the amendment became a law before that case was decided by the Court of Appeals. Full effect can be given to the amendment by applying it to cases of employees who are injured while engaged in " a trade, business or occupation carried on by the employer for pecuniary gain " (§ 3, subd. 5), although it may

not be the "principal business" of such employer (§ 3, subd. 4). Illustrations of such cases probably are *Lyon* v. *Windsor* (173 App. Div. 377), where the employer was a manufacturer of dresses and the employee was a salesman of such dresses; *Matter of Newman* v. *Newman* (218 N. Y. 325), where the employer was proprietor of a meat market assumed in the opinion for the purposes of the discussion to have been a hazardous employment and the employee was injured while delivering meat; *Matter of Aylesworth* v. *Phœnix Cheese Company* (170 App. Div. 34), where the employer was a manufacturer of cheese assumed in the opinion for the purposes of the discussion to have been a hazardous employment, and the employee was engaged in harvesting ice for use in manufacturing cheese, and other cases which might be cited. In those cases the claims were denied because although the employers were engaged in hazardous employments, the employees under the statute as it was at the time of the decisions were not so engaged. Now by virtue of the amendment to subdivision 4 of section 3, it is not material that they should be so engaged provided they are "in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment" (§ 3, subd. 4, as amd.), and provided further the injury arises out of and in the course of "a trade, business or occupation carried on by the employer" (§ 3, subd. 5). In the cases cited the claims under the amendment would probably meet both of those requirements and would be allowed because the claimants were generally and permanently engaged in occupations incidental to and forming a part of the "principal business" of the employer and "carried on" by the employer as an adjunct of his "principal business." The distinction between those cases and cases of which the *Bargey* case and the present case are types, seems obvious. In the latter class of cases the injury arises out of and in the course of an occupation not "carried on," within any reasonable interpretation of those words, by the employer in any sense whatever.

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.