MARY MALONEY, as Administratrix, etc., of JOSEPH SHAW, Deceased, Respondent, *v.* LEVY & GILLILAND COMPANY, Appellant.

First Department, February 23, 1917.

Master and servant — negligence — death of employee by breaking of skid on which water tank was being moved — unsafe appliance — negligence of foreman — charge as to duty of master to furnish reasonably safe place to work — Workmen's Compensation Law — hazardous employments.

In an action to recover for the death of plaintiff's intestate it appeared that the defendant, engaged in setting up a tank weighing seven to nine tons, to be used with a sprinkler system, had the same supported on skids capable of sustaining a weight of from five to six tons; that the deceased was ordered by the defendant's foreman to hold a plank along-side the tank to prevent it from rolling over, and that in the course of the operation the foreman placed the rollers under the tank in such a manner that it dropped at one end from a height of eight or nine inches upon the skid, causing it to break and the tank to roll over upon the deceased.

*Held,* that under the circumstances the appliance was not a reasonably safe one for the defendant to use, and, under the evidence, the foreman was negligent in directing the operation.

An instruction to the jury that it was the duty of the master to furnish the workmen a reasonably safe place to work did not constitute prejudicial error, it being clear from the instruction as a whole that it related to the unsafety of requiring an employee to work alongside an insufficient appliance.

The work in which the deceased was engaged was not one of the hazardous employments mentioned in groups 10, 41 or 42 of section 2 of the Workmen's Compensation Law.

The Workmen's Compensation Law is compulsory in character and applies only to so-called hazardous employments which are expressly designated in the statute. The express mention of the occupations embraced in the several groups of hazardous employments necessarily excludes employments not there mentioned.

SCOTT and DAVIS, JJ., dissented, with memorandum.

APPEAL by the defendant, Levy & Gilliland Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of June, 1916, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on

the same day, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney*, for the appellant.

*Morton L. Fearey*, for the respondent.

PAGE, J.:

The action is to recover damages for the negligent causing of the death of the plaintiff's intestate.

The defendant was engaged in transporting and setting up a nine-thousand gallon tank from the railroad to a position on the roof of a building, where it was to be connected with a sprinkler system to be installed by others. The tank was of iron, twenty-seven and a half feet long, cylindrical in form, seven and one-half feet in diameter, and weighing, as variously estimated, from seven and one-half to nine tons. This tank had been hoisted over a coping fourteen feet above the roof and was resting upon skids. These skids were timbers eight inches square and extended from the coping to a crib three feet high about twelve feet distant, and from there other skids were placed to carry the tank to the roof. The tank was to be lowered by means of rollers, placed beneath the tank and upon the skids, and operated by ropes running over pulley blocks. Plaintiff's intestate was ordered by the foreman to hold a plank alongside the tank to prevent it from rolling over. In the course of the operation the foreman placed the rollers in such a manner that the tank dropped at one end from a height of eight or nine inches upon the skids causing the one nearest the plaintiff's intestate to break and the tank to roll over upon the deceased and kill him. Concededly these skids were capable of each sustaining a weight of five or six tons, and in order to sustain the weight of the tank it would be necessary that the weight should be equally distributed, and they could not withstand the blow occasioned by the drop of the tank. The appliance was not, therefore, a reasonably safe one for the defendant to use, and the evidence shows that the foreman was negligent in directing the operation.

The learned trial justice charged the jury that it was the duty of the master to furnish the workman a reasonably safe

place to work.    On reading the charge as a whole it is clear that the instruction related to the unsafety of requiring an employee to work alongside of an insufficient appliance.   Therefore we do not think this error was prejudicial.    The defendant claims that the injury sustained comes within the content of the Workmen's Compensation Law (Laws of 1913, chap. 816).    If the employment in which the plaintiff's intestate was engaged at the time of his death is within any of those specified in that law, the plaintiff has no right of action or other remedy. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

The defendant claims that the work in which plaintiff's intestate was engaged might well come within either group 10, 41 or 42 of the 2d section of said law.    That it does not come within groups 10 or 41 is too clear to require discussion. Defendant's main reliance is upon the words contained in group 42: "installation of  *  *  *  boilers, engines or heavy machinery."  ·Certainly it does not come within the generally accepted and well-understood meaning of those words.

This tank, although cylindrical in shape as are many boilers, was to be used not for the heating of water or generation of steam, but merely as a place in which to store water.    It was not a mechanism for utilizing power, hence not a machine, nor was it a machine by which power is applied to the doing of work and, therefore, not an engine.    Nor can we say that it is so related in kind to those specified that the rule of *ejusdem generis* would apply.    Tanks for the storage of water, not alone in connection with sprinkler systems but also with the water supply, placed upon the roofs of buildings are of such common use that had the Legislature intended that those engaged in the work of their installation should be within the benefits of the Workmen's Compensation Law, it would undoubtedly have so provided.

That act is compulsory in character and applies only to so-called hazardous employments which are expressly designated in the statute.    The express mention of the occupations embraced in the several groups of hazardous employments necessarily excludes employments not there mentioned.  (*Matter of Aylesworth* v. *Phœnix Cheese Co.*, 170 App. Div. 34; *Matter of Wilson* v. *Dorflinger & Sons*, 218 N. Y. 84, 87.)

In our opinion the employment in which the deceased was engaged at the time he was killed was not within any of the groups embraced in section 2 of the said act.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., and SHEARN, J., concurred; SCOTT and DAVIS, JJ., dissented.

SCOTT, J. (dissenting):

I dissent, because I think that the work on which the deceased was employed at the time of his death fell fairly within the list of occupations contained in the Workmen's Compensation Law.

DAVIS, J., concurred.

Judgment and order affirmed, with costs.