In the Matter of the Claim of NORMA S. MULFORD et al., Respondents, against A. S. PETTIT & SONS, INC., et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — salesman struck and killed by railroad train while riding motor cycle furnished by his employer for salesman's use — dependents of deceased entitled to award although employer was not engaged in hazardous business.

1. If an employer is carrying on a non-hazardous trade, business or occupation for pecuniary gain and as an incident thereto has employees whose occupation is hazardous, the latter are protected by the Workmen's Compensation Law.

2. The widow and minor child of a salesman engaged in a non-hazardous business, who was struck and killed by a railroad train while riding, on his employer's business, a motor cycle furnished by his employer to use in taking orders and collecting accounts, are entitled to compensation under the provisions of group 41 of section 2 of the Workmen's Compensation Law (Cons. Laws, ch. 67) which provides compensation for the dependents of those killed in the hazardous occupation of operating " cars, trucks or wagons or other vehicles propelled by * * * gasoline." (*Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71, followed; *Matter of Bargey*, 218 N. Y. 410, cited.)

*Matter of Mulford* v. *Pettit & Sons*, 175 App. Div. 958, affirmed.

(Argued April 19, 1917; decided May 1, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered December 1, 1916, which affirmed an award of the State Industrial Commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* and *Robert M. McCormick* for appellants. A. S. Pettit & Sons, Inc., the employer, was not "employing workmen in hazardous employments." Edward F. Mulford, the deceased employee, was not engaged in a hazardous employment in the service of an employer carrying on or conducting the same, and the claim is not within the provisions of the Compensation Law. (*Matter of Siegfried* v. *Goldberg,* 220 N. Y. 673; *Tomassi* v. *Christensen,* 171 App. Div. 284; *De La Gardelle* v. *Hampton Co.,* 167 App. Div. 617; *Aylesworth* v. *Phœnix Cheese Co.,* 170 App. Div. 34; *Parker Washington Co.* v. *Industrial Board,* 274 Ill. 498.) The employer was not operating vehicles for pecuniary gain. (*Bargey* v. *Massaro Macaroni Co.,* 170 App. Div. 103; 218 N. Y. 410; *Mihn* v. *Hussey,* 169 App. Div. 742; *Caledonian Railway Co.* v. *Patterson,* 36 Scott. Law Rep. 60; *Rheinwald* v. *Builders Brick & Supply Co.,* 174 App. Div. 935; *Dale* v. *Saunders Brothers,* 218 N. Y. 59; *Coleman* v. *Bartholomew.* 161 N. Y. Supp. 560.) A motor cycle is not a vehicle within the meaning of group 41. (*Wilson* v. *Dorflinger,* 218 N. Y. 84; *Holtz* v. *Greenhut & Co.,* 162 N. Y. Supp. 359.)

*Egburt E. Woodbury,* Attorney-General (*E. C. Aiken* of counsel), for respondent. The employer was carrying on a hazardous employment, namely, the operation of vehicles. (*McNeice* v. *S. S. Machine Co.,* 4 B. W. C. C. 351; *Pierce* v. *P. C. & S. Co.,* 4 B. W. C. C. 242; *Howard* v. *Rosell & Mathews,* 7 B. W. C. C. 552; *Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Walker* v. *Clyde S. S. Co.,* 215 N. Y. 529.)

POUND, J. Deceased was a salesman for A. S. Pettit & Sons, Inc., a corporation engaged in the business of deal-

ing in lumber, coal and feed, a non-hazardous occupation not covered by the Workmen's Compensation Law. His employer furnished him with a motor cycle on which to ride about the country for the purpose of taking orders and collecting accounts. While he was engaged in this occupation he was struck by a railroad train and killed. An award has been made to his widow and minor child for compensation under the provisions of group 41 of section 2 of the law (Cons. Laws, ch. 67), which reads as follows:

"The operation, otherwise than on tracks, on streets, highways, or elsewhere of cars, trucks, wagons or other vehicles, and rollers and engines, propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."

Deceased was engaged in the operation of a vehicle propelled by gasoline. (*Matter of Wilson* v. *Dorflinger & Sons*, 218 N.Y. 84, 87.) The operation of such vehicle is hazardous, and if that is the only consideration deceased's dependents are protected by the provisions of the Workmen's Compensation Law, whether the motor cycle was used to carry goods or to carry the salesman who took the orders for the goods. In *Matter of Glatzl* v. *Stumpp* (220 N. Y. 71) I stated in a memorandum on page 75 my views of the application of the statute where an employer's business is not classified as hazardous, although the employee's occupation is hazardous. The prevailing opinion in that case is to the effect that driving a delivery wagon for a florist is a hazardous employment and that if injuries arise out of and in the course of that employment a case is made out although the business of a florist is not a hazardous employment under the act. If this rule, which, however, is *dictum* in the *Glatzl* case, is correct, this award should be upheld. In the *Bargey* case there is a suggestion (218 N. Y. 410, at p. 413) that the test is whether the employer is carrying on a hazardous business for profit which may seem not wholly consistent with the reasoning in the prevailing opinion in the *Glatzl* case.

Of course, the employer in this case was not in the business of operating a motor cycle for gain. Its business was not the operation of motor cycles in any sense. I think, however, that "pecuniary gain" as used in the statute merely means that the employer must be carrying on a trade, business or occupation for gain in order to come within the act. If, in that connection, the purpose of using the motor cycle is profit, that is enough. (*Herbert* v. *Shanley Co.*, 242 U. S. 591.) The deceased in this case operated the motor cycle as an incident to his employer's business. In the *Bargey* case we held that deceased, a carpenter making repairs on a building used in the manufacture of macaroni, was not covered by the act because the employer's occupation was the preparation of macaroni and that the employee was not engaged therein. The question presented in this case was not considered in the opinion, although it was said that the macaroni company was not engaged in the repair of buildings for pecuniary gain.

The order should be affirmed, with costs.

CHASE, HOGAN, CARDOZO, MCLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., not voting.

Order affirmed.