In the Matter of the Claim of ARTHUR SCHMIDT, Respondent, against CLARA BERGER et al., Appellants. STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — superintendent of apartment house injured by fall from stepladder while making ordinary repairs not entitled to compensation.**

The claimant was employed as a superintendent of an apartment house and incidental to that employment he made ordinary repairs on such building. While mounted on a stepladder engaged in cutting away a part of a door to prevent "binding," he fell and broke his arm. *Held*, that he was not engaged in a hazardous employment carried on by his employer for pecuniary gain, within the meaning of the Workmen's Compensation Law, at the time he was injured, and that the work that he was engaged in at the time of the accident was neither "structural carpentry" or "construction, repair and demolition of buildings," as enumerated in group 42 of section 2 thereof. (Cons. Laws, ch. 67.)

*Matter of Schmidt* v. *Berger*, 175 App. Div. 957, reversed.

(Argued April 19, 1917; decided May 8, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 1, 1916, affirming an award of the State Industrial Commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle* and *Alfred W. Andrews* for appellants. Claimant was not an employee engaged in an employment specified as hazardous at the time of injury. (*Matter of Sheridan* v. *Groll Const. Co.*, 218 N. Y. 633; *Matter of Chappelle* v. *412 Broadway*, 218 N. Y. 632; *Hertz* v. *Ruppert*, 218 N. Y. 148; *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410; *Glatzl* v. *Stumpp*, 220 N. Y. 71; *Newman* v. *Newman*, 218 N. Y. 325.) In any event the claimant was not engaged in a hazardous employment carried on by the employer for pecuniary

gain. (*Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410; *Matter of Grifenhagen* v. *Ordway*, 218 N. Y. 458; *Abey* v. *Roberts Co.*, 175 App. Div. 1.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent. Claimant was an employee engaged in a hazardous employment enumerated in group 42 of the Workmen's Compensation Law. (*Glatzl* v. *Stumpp*, 220 N. Y. 71; *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410.)

CHASE, J. The appellant Berger is the owner of an apartment house at 108–10 West One Hundred and Eleventh street, New York city. The claimant was employed by her as a superintendent of the building and incidental to that employment he made ordinary repairs on such building. While so employed he found that a basement door " bound at the top " and did not open or shut freely. He mounted a stepladder and while standing thereon commenced with a carpenter's tool called a " plane " to cut away a part of the door and thus prevent such binding, and while so engaged fell off the stepladder and broke his arm. The industrial commission gave him an award and the Appellate Division of the Supreme Court has affirmed the same, although two of the justices did not concur in the decision.

The employment of claimant is conceded, and it is also conceded that the injury was accidental, and arose out of and in the course of his employment. He was not, however, engaged in a hazardous employment within the meaning of the Workmen's Compensation Law, carried on by the defendant Berger for pecuniary gain, at least he was not so employed at the time he was injured. (*Matter of Sheridan* v. *Groll Construction Co.*, 218 N. Y. 633.)

It is urged in behalf of the claimant that he was engaged in a hazardous employment enumerated in

group 42 of section 2 of the Workmen's Compensation Law. If so, the work that he was engaged in at the time of the accident must be included in the words "structural carpentry" or "construction, repair and demolition of buildings." The words quoted when read and construed in connection with the other parts of said group 42 do not include the work being done by the claimant as stated.

The words "structural carpentry" must be construed together and cannot be separated. They do not include an isolated act in planing wood. (See *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 151.) Neither was the act of the claimant in planing the top of the door included within the words "construction, repair and demolition of buildings." (*Matter of Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410, 413.)

The order of the Appellate Division should be reversed and the claim dismissed, with costs in this court and in the Appellate Division to the appellants against the state industrial commission.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.