In the Matter of the Claim of Joseph Kammer, Respondent, v. Edith A. Hawk et al., Appellants.

State Industrial Commission, Respondent.

**Workmen's Compensation Law — when superintendent of apartment house not entitled to compensation for injuries caused by fall of a radiator which he was moving.**

The lifting of a radiator to connect it up for heating purposes is not heating engineering nor the installation and covering of pipes or boilers within the meaning of group 42 of section 2 of the Workmen's Compensation Law (Cons. Laws, chap. 67), as it existed January, 1916, and hence the superintendent and general repairman of an apartment house injured by the fall of a radiator, which he was moving from a storeroom to an apartment, is not entitled to compensation for such injury occurring before that date. (*Matter of Schmidt* v. *Berger*, 221 N. Y. 26, followed.)

*Matter of Kammer* v. *Hawk*, 177 App. Div. 938, reversed.

(Argued October 4, 1917; decided October 16, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 16, 1917, affirming an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Joseph F. Murray* and *Robert M. McCormick* for appellants. The claimant was not an employee within the contemplation of the Workmen's Compensation Law. (*Sheridan* v. *Groll Const. Co.*, 218 N. Y. 633; *Chappelle* v. *Four Hundred Twelve Broadway Co.*, 218 N. Y. 632; *McIntyre* v. *Hilliard Hotel Co.*, 218 N. Y. 642; L. 1916, ch. 622; *Bargey* v. *M. M. Co.*, 218 N. Y. 410; *Mulford* v. *Pettit*, 220 N. Y. 540; *Schmidt* v. *Berger*, 221 N. Y. 26; *Siegfried* v. *Goldberg*, 220 N. Y. 673.) The work being performed by the claimant at the time of his injury does not constitute the hazardous occupation

of "heating engineering." (*Schmidt* v. *Berger*, 221
N. Y. 26; *Matter of Sheridan* v. *Groll Const. Co.*, 218
N. Y. 633; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148;
*Matter of Bargey* v. *Massaro Macaroni Co.*, 218 N. Y.
410.)

*S. John Block* for claimant, respondent. The employer
was operating an apartment house as a business and for
profit, and in connection with said business the claimant
was injured while engaged in work incidental to heating
engineering, work classified as hazardous under the
Workmen's Compensation Law (group 42). The award
was properly made. (*Matter of Mulford* v. *Pettit & Sons*,
220 N. Y. 540; *Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71;
*Herbert* v. *Shanley Co.*, 242 U. S. 591.)

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of
counsel), for State Industrial Commission, respondent.

CRANE, J. Edith A. Hawk was the owner of an
apartment house at No. 150 West Eightieth street,
borough of Manhattan, New York city. The claimant
was superintendent and general repairman of the build-
ing. His duties were to make such general carpentering
and plumbing repairs as he was able to make and to
operate the boilers which supplied the steam heat to
the premises. The owner operated this steam heating
plant for profit included in the rents paid by the tenants.
On January 19, 1916, Kammer went into the storeroom
in the basement to obtain a radiator to be put in an
apartment for one of the tenants who had complained
that the apartment was cold. His purpose was to get
the radiator and to connect it up with the heating
apparatus so that the apartment might thereby be
supplied with heat. In lifting the radiator from a lot
of other radiators located in the storeroom, the radiator
tumbled over and fell upon his right great toe crushing

the same. For this injury he has been awarded compensation by the state industrial commission and the Appellate Division has affirmed the award.

Was the employee at the time of injury engaged in any employment or work covered by the Compensation Law?

Group 42 of section 2, as it existed in January, 1916 (Cons. Laws, ch. 67; L. 1914, ch. 41) specified "plumbing, sanitary or heating engineering; installation and covering of pipes or boilers." The lifting of a radiator to connect it up for heating purposes was not heating engineering nor the installation and covering of pipes or boilers. That such work was not included within these terms is evident from the amendment to the law passed subsequently and in the same year. (L. 1916, ch. 622.) Group 42 was amended so as to read " plumbing, sanitary lighting or heating installation or repair;" and the word " engineering " was dropped. So, too, group 22 was amended by the same act to include " heating and lighting." The words " maintenance and care of buildings " were not added to group 42 until 1917. (L. 1917, ch. 705.)

The claimant cannot recover for reasons similar to those expressed in *Matter of Schmidt* v. *Berger* (221 N. Y. 26).

The order of the Appellate Division should be reversed and the claim dismissed, with costs in this · court and in· the Appellate Division to the appellants against the state industrial commission.

Hiscock, Ch. J., Chase, Collin, Hogan, Cardozo and McLaughlin, JJ., concur.

Order reversed, etc.