Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HYMAN SOLOMON, Respondent, for Compensation under the Workmen's Compensation Law, *v.* SAMUEL BONIS, Employer, and the GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, Insurance Carrier, Appellants.

Third Department, November 28, 1917.

**Workmen's Compensation Law — plasterer injured while repairing plaster in apartment house for owner and operator thereof, not entitled to an award.**

A plasterer employed by the hour by the owner and operator of an apartment house to repair the plaster, who was injured while so engaged on October 8, 1916, is not entitled to an award under the Workmen's Compensation Law, as it existed on the date of the injury.

LYON and WOODWARD, JJ., dissented, with opinion.

APPEAL by the defendants, Samuel Bonis and another, from an award of the State Industrial Commission, filed in the office of said Commission on the 19th day of January, 1917, and also from an award entered in the office of said Commission on the 11th day of April, 1917.

*Alfred W. Meldon* [*Lindsay D. Holmes* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General,* and *Robert W. Bonynge,* for the respondent Commission.

*David Harrison,* for the claimant, respondent.

JOHN M. KELLOGG, P. J.:

The findings show that the employer was the owner and operator of an apartment house. " There was some plastering to be done in one of the bathrooms in said apartment house, and Bonis [the employer] sent for Solomon to come and do the plastering at 75 cents per hour, and directed him to purchase whatever materials were needed and to pay for the same, and agreed to reimburse him for such outlay. The total payment made by Bonis to Solomon in respect of this work was $3. It was customary for Bonis to send for Solomon whenever he had any plastering work to be done, and to pay Solomon on the above-mentioned basis." While plastering, Solomon fell and received the injury for which compensation has been made. *Matter of Bargey* v. *Massaro Macaroni Co.* (170 App. Div. 103; 218 N. Y. 410), seems to settle this question in favor of the appellants. It is true that the *Bargey* case was commented upon and distinguished in *Matter of Mulford* v. *Pettit & Sons* (220 N. Y. 540). In that case it was only decided that a salesman, in a non-hazardous employment, who uses a motorcycle in making his trips, and is killed thereby, is operating a vehicle within group 41 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41). The *Mulford* case in no way limits or qualifies the *Bargey* case. This is made plain by *Matter of Schmidt* v. *Berger* (221 N. Y. 26), in which the *Bargey* case is cited with approval, and which holds that the superintendent of an apartment house, who made ordinary repairs upon it, while mounted on a stepladder engaged in cutting away a part of a door to prevent " binding," was not in a hazardous employment. That case has much force here, as managing an apartment house was not, at the time of the

accident, a hazardous employment. (See, also, *Matter of Kammer* v. *Hawk,* 221 N. Y. 378.)

After the decision of the *Bargey* case subdivision 5 of section 3 of the Workmen's Compensation Law, defining " employment," was amended. (Laws of 1916, chap. 622.) When the *Bargey* case arose subdivision 5 of section 3 defined " employment " as including " employment only in a trade, business or occupation carried on by the employer for pecuniary gain." The amendment of 1917 (Laws of 1917, chap. 705) added after the word " gain," " or in connection therewith." The effect of that amendment is not before us; it may be that it qualifies the *Bargey* case, so that under the facts in that case, the employer being engaged in a hazardous business, carpenters at work in the factory would be deemed within the protection of the Workmen's Compensation Law. That, however, we need not consider. Aside from the effect of that amendment, and the amendment of subdivision 4 of the section, the *Bargey* case is in full force, and that and the *Schmidt* case are decisive here.

The award should, therefore, be reversed and the claim dismissed.

All concurred, except LYON, J., dissenting, with opinion, in which WOODWARD, J., concurred.

LYON, J. (dissenting):

The question presented by this appeal is whether a person injured October 8, 1916, while engaged in a hazardous employment incidental to a non-hazardous business carried on by his employer for pecuniary gain, is covered by the Workmen's Compensation Law, as amended by chapter 622 of the Laws of 1916. The claimant was a plasterer and was engaged in the hazardous occupation of repairing the plaster in one of the bath rooms of the employer's apartment house. These repairs were incidental, and in fact indispensable to conducting the non-hazardous business of operating an apartment house. The case thus falls within the decision of *Matter of Mulford* v. *Pettit & Sons* (220 N. Y. 540). The cases of *Matter of Bargey* v. *Massaro Macaroni Co.* (218 N. Y. 410; *Matter of Schmidt* v. *Berger* (221 id. 26) and *Matter of Kammer* v.

*Hawk* (Id. 378) related to accidents occurring prior to June 1, 1916, the date when the above-mentioned amendment took effect. A partial effect of such amendment is pointed out in the recent case of *Matter of Dose* v. *Moehle Lithographic Co.* (221 N. Y. 401). (See, also, concurring memorandum per POUND, J., in *Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71, 76.)

The award should be affirmed.

WOODWARD, J., concurred.

Award reversed and claim dismissed.