Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EDWIN B. HUNGERFORD, Respondent, for Compensation under the Workmen's Compensation Law, v. SAMUEL . BONN, Employer, and the STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Insurance Carrier, Appellants.

Third Department, July 1, 1918.

Workmen's Compensation Law — policy of insurance issued to road contractor not covering employees engaged in repairing house — special contractor employed in casual employments — hazardous business — plastering for profit.

An insurance policy issued to a road contractor, stating that the business to be conducted was road making, and that work was to be performed at a certain place, and that none of the employees were to be engaged in the repair, alteration and construction of buildings, structures or

plants except machinery, does not include a paperhanger and painter employed to perform certain work upon a house which was located at another place and had been purchased by the insured and deeded to his wife.

As the paperhanger worked for the insured by the job and by the hour in casual employments, he was not a regular employee and must be considered as a special contractor.

The fact that a kalsominer found it necessary to smooth the ceiling and fill a small hole with plaster in order to properly do his work, does not bring his employer within the hazardous business of plastering for profit.

COCHRANE, J., dissented.

APPEAL by the defendants, Samuel Bonn and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 21st day of June, 1917, and also from a second decision and award which was entered in the office of said Commission on or about the 18th day of January, 1918.

Neile F. Towner, for the appellants.

Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The employer, appellant, a road contractor, was building a State road near Sandy Creek, Oswego county, N. Y. He resided at Syracuse, and from time to time, at Syracuse, he bought real estate where the buildings were run down, improved them, and when he found a favorable opportunity to sell them at a profit, disposed of them. The year before the accident he bought a one-family house and deeded it to his wife, making a payment down, the balance secured by a purchase-money mortgage. He overhauled the house and made it into a three-family house. The apartment on the lower floor was fitted up for and was occupied by himself and wife; the apartments on the upper floors were rented and she had the rent.

The injured employee was a paperhanger and painter and had a small shop back of his house. He had one or more employees and carried compensation insurance upon them. He kept an automobile, which was used principally by him in his business in carrying his paint, ladders, paper and other material and workmen. He took contracts for work, or

worked by the day for whoever required his services, receiving four dollars and eighty cents per day for himself and the same for his men. He furnished the materials, charging the value of them in his bill. He paid the men four dollars per day. The extra eighty cents per day paid for each man he figured compensated him for the use of his brushes, implements, the cost of compensation insurance and the incidents of the employment, with perhaps a little profit. He took a contract to perform certain work upon the Syracuse house for one hundred and seventy-five dollars, and it was understood that certain other work, the amount of which was unknown, was to be done for sixty cents per hour. The job work had been finished and paid for, and he and his other employee were engaged in kalsomining the walls of the parlor, in the downstairs apartment, March 13, 1917. The appellant employer's wife saw a rough spot in the ceiling in the parlor, which she thought ought to be smoothed out before it was kalsomined. Her husband said, " ' you can plaster,— can't you smooth that up; I cannot get a man for a small job like that.' " The claimant said, " ' I could, but I did not want to, as I did not have tools.' He went out and got some plaster and a trowel which was worn out," and while plastering the spot some of the lime fell into the claimant's eyes, causing the injury complained of.

The insurer contended before the Commission, and contends here, that the insurance related solely to the work upon the road in connection with the Sandy Creek job, and did not in any way cover the work upon this house at Syracuse. Attached to the policy is a declaration which furnishes the specifications and makes the application of the policy definite. Item 3 of the declaration states the " location of the factories, shops, yards, buildings, premises or other work places of the employer, by town or city, with street and number " as " Sandy Creek, Oswego County, N. Y." The " kind of trade, business, profession or occupation (Manual Classification)" is stated as " State or Municipal road or street making, including culverts not exceeding ten feet span. All operations except quarrying and blasting." Under the heading " Location of all places where Operations are to be conducted " we find: " Sandy Creek, Oswego County, New York."

In specification " M " the words " Employees engaged in the repair, alteration and construction of buildings, structures or plants (except machinery)" are followed by the word " None." A careful perusal of the policy, and the specifications, satisfies us that it was issued to cover the employees engaged in road building and work incident thereto. The employee need not necessarily be at work all the time at Sandy Creek, but his work must be incident to that work. The statement in the policy that none of the employees are engaged " in the repair, alteration and construction of buildings, structures or plants," seems to exclude these repairs from the policy. The respondent was not covered by the policy and the insurance company is not liable.

The respondent was an employer of labor, and his employees were protected by the insurance obtained by him. The employment was entirely casual in its nature and, within *Matter of Rheinwald* v. *Builders' Brick & Supply Co.* (223 N. Y. 572), must be considered as a special contractor and not an employee of the defendant. He worked for the defendant by the job and by the hour, in casual employments, and was not a regular employee.

The work being performed at the time was in the parlor, which was being fitted for a residence for the family. Apparently the house would be sold if a satisfactory price was given for it. That perhaps is true of most residences, but the work done was not with reference to fitting the house for sale, but with reference to making it attractive and useful for the family as a residence, and the putting of the little plaster on the rough spot in the ceiling was not being done in preparing the premises for sale, but was a mere incident to the kalsomining work which usually is done upon ordinary residential property for the satisfaction of the occupant. The house belonged to the wife of the appellant, the alleged employer; the mason work, the carpenter work, the painting, and all of the work in overhauling and repairing it, had been done by independent contractors, except the little job of kalsomining, which was too small and indefinite to be done in that way. It cannot be said that the appellant, with reference to this house, was engaged in " construction, repair and demolition of buildings," or in any other employment declared

hazardous by the Workmen's Compensation Law. The fact that the kalsominer found it necessary to smooth the ceiling and fill a little hole with plaster in order to properly do his work, did not bring the employer within the hazardous business of plastering for profit. The work did not differ from the ordinary work done periodically by all householders of kalsomining certain rooms in the house. The evidence is undisputed. It was error of law to say that the alleged employer was carrying on a hazardous employment at this time and place for profit. (*Matter of Schmidt* v. *Berger*, 221 N. Y. 27; *Geller* v. *Republic Novelty Works*, 180 App. Div. 762; *Solomon* v. *Bonis*, 181 id. 672; *Matter of Kammer* v. *Hawk*, 221 N. Y. 378.)

The award should be reversed and the claim dismissed.

All concurred, except COCHRANE, J., dissenting.

Award reversed and claim dismissed.