Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MORRIS ALTERMAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* A. I. NAMM & SON, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, December 29, 1919.

**Workmen's Compensation Law — hazardous employment — carpenter regularly employed to do work in and about department store.**

A carpenter who is regularly employed by a company conducting a department store to do work in and about the store, in the line of his trade, is engaged in a hazardous employment incidental to the employer's non-hazardous business and conducted in connection with that business for the purpose of profit, and, therefore, is entitled to an award under the Workmen's Compensation Law for an injury received by him in the elevator in the building, on leaving his work for the day.

APPEAL by the defendants, A. I. Namm & Son and another, from an award and order of the State Industrial Commission, entered in the New York office of said Commission on the 29th day of May, 1919.

*Alfred W. Andrews* [*Ainsworth, Carlisle, Sullivan & Archibald,* and *John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, J.:

The employer conducted a large department store which at the time of the accident on June 17, 1917, was a non-

hazardous occupation not covered by the Workmen's Compensation Law. In its store on the seventh floor it had a carpenter shop in connection with its business and incidental thereto. It had in its regular and permanent employment five or six carpenters to do work in and about the store. The claimant was thus employed as a carpenter in moving some partitions and on leaving his work for the day he was injured in an elevator in the building. His employment in the store had been of short duration but that feature of the case is not important. It is claimed that the employer was not conducting a hazardous business for pecuniary gain.

In *Matter of Schmidt* v. *Berger* (221 N. Y. 26) the superintendent of an apartment house was injured while planing the top of a door where it bound. It was held that the words " structural carpentry " in group 42 of section 2 did not include an isolated act of planing wood. Much the same question was involved in *Solomon* v. *Bonis* (181 App. Div. 672; affd., 223 N. Y. 689), where the claimant was injured while engaged in the single or isolated act of plastering one of the rooms of an apartment house. It would also appear that the claimant in that case stood in the relation of an independent contractor to the employer. Those cases have no application here because the regular and constant employment of the claimant as well as of other carpenters in this case was hazardous as distinguished from isolated or particular acts of employment.

In *Matter of Mulford* v. *Pettit & Sons* (220 N. Y. 540) the employer was engaged in a non-hazardous occupation but furnished its employees with a motorcycle for use in its business and while so using the motorcycle the employee was killed. The operation of such vehicle was hazardous. It was held that although the business of the employer was not the operation of motorcycles, in any sense nevertheless the operation of a motorcycle by the deceased was an incident to his employer's business and that if in connection with that business the purpose of using the motorcycle was profit that was sufficient to bring the case within the act. That case was decided before the accident in question and is not, therefore, in its application to the present case affected by subsequent amendments to the statute. I think it controls the

decision which should be made here. In both cases the employees were regularly and permanently engaged in a hazardous employment incidental to the employer's business and conducted in connection with that business for the purpose of profit. No other argument against the award is advanced.

The award should be affirmed.

Award unanimously affirmed.