Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of Louis GOLDBERGER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* B. M. GOLDBERGER, Employer, Defendant, Impleaded with ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellant.

Third Department, March 8, 1922.

**Workmen's Compensation Law — claimant injured while working for his father in repairing building not entitled to award where work not shown to have been done by father for pecuniary gain — when work not done for pecuniary gain.**

Where the claimant, a son of the employer, was injured by an automobile truck while on his way to procure some painting materials to be used about a building

owned by a corporation, all of the stock of which was owned by the employer and his family, said building being used by them as a residence, and it did not appear that the painting being done differed from the ordinary work done periodically by all householders, and there was no evidence that the employer was engaged in the repair of the building for pecuniary gain, an award under the Workmen's Compensation Law cannot be sustained.

*It seems,* that repairs made for the convenience, enjoyment or comfort of an employer's family are not for pecuniary gain within the meaning of the statute.

APPEAL by the defendant, Ætna Life Insurance Company, from a decision and award of the State Industrial Board, entered in the office of said Board on the 29th day of June, 1921.

*T. Carlyle Jones,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The employer does not appeal. He is the father of the claimant. He was president and treasurer of three corporations known as Goldberger Manufacturing Corporation, Salsbury & Thomas Needle Factory Corporation, and Double Century Needle Factory Corporation. All of the stock of all of those corporations not owned by himself was owned by his wife, son and daughter. He was the only employee of the Salsbury & Thomas Needle Factory Corporation. This latter corporation owned the property at 887 East One Hundred and Seventy-sixth street, New York city. It was the residence of the employer and his family including this claimant. Two other families occupied apartments in the same building. At the time of the accident the claimant was proceeding with a Ford automobile truck to procure some painting material to be used in or about said building. The truck did not work properly and in connection with its operation or manipulation by the claimant and another whom he summoned to his assistance, the claimant received the injuries in question. Only one painter was engaged in the work of painting the building and his work did not. exceed two days' duration.

The State Industrial Board has held that the employer was engaged in the business of construction, repair and demolition of buildings and that the employment of the claimant was, therefore, hazardous. (Workmen's Compensation Law, § 2, group 42.) It is not sufficient that the employment be hazardous but it should also appear that the employment was " carried on by the employer for pecuniary gain." (§ 3, subd. 5.)

In *Hungerford* v. *Bonn* (183 App. Div. 818) the claimant was engaged in making some minor repairs in the apartment of the employer in a three-family house owned by the wife of the employer.

It was said by this court: " It cannot be said that the appellant, with reference to this house, was engaged in ' construction, repair and demolition of buildings,' or in any other employment declared hazardous by the Workmen's Compensation Law. * * * The work did not differ from the ordinary work done periodically by all householders of kalsomining certain rooms in the house. The evidence is undisputed. It was error of law to say that the alleged employer was carrying on a hazardous employment at this time and place for profit."

It is contended in behalf of the claimant that the employer had a contract for the renovation of this house. The record discloses a contract " between the Goldberger Manufacturing Company and the Salsbury Needle Corporation or any other corporation that may be a subsidiary corporation of the Goldberger Manufacturing Corporation, with B. M. Goldberger of the Borough of the Bronx, City of New York, as follows: That Benjamin Goldberger shall renovate and keep in order any buildings of the above named corporation on the following terms: For the term of one year, receiving a bonus of 10% of the costs of the entire costs for renovating any of the buildings present in the face of the contracts and schedules." It is signed by this employer as president and treasurer of both corporations. There is not a word as to the nature of the repairs to the building in question or any other building. It appears, therefore, that this building was owned by a corporation all of the stock of which was owned by the employer and his family; that he with his family including the claimant resided there. The painting in question was such as was being done to the residence of both the employer and the employee. No contract for the painting appears to have been made. The real nature of the transaction or the relations of the parties to each other or to the property cannot be covered up or obscured by corporate forms or methods. The court will look beneath the form of the transaction to ascertain the real substance. We think the reasoning of the *Hungerford* case applies here. There as here title to the property was not in the employer but it was the residence of his family. The claimant has not established facts from which it appears that the work which was being done differed " from the ordinary work done periodically by all householders." The burden was on the claimant to establish with reference to this particular house that his father was engaged in " construction, repair and demolition of buildings " for pecuniary gain. If the repairs were for the convenience, enjoyment or comfort of the family they were not for pecuniary gain within the meaning of the statute. If they were not for the convenience, enjoyment or comfort of the family the claimant should have so demonstrated.

The award should be reversed and the matter remitted to the State Industrial Board, with costs to the appellant to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellant to abide event.