THE PEOPLE OF THE STATE OF NEW YORK, on the Information of MAXIM J. LEVY, Complainant, *v.* RUTH SOMMERVILLE, Defendant.

Court of Special Sessions of City of Mount Vernon, April 4, 1938.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin and Maurice H. Matzkin, Assistant Attorneys-General, of counsel], for the complainant.*

*Arthur C. Blatz, for the defendant.*

McKennell, Acting City Judge. The information in this case charges that defendant violated section 50 of article 4 of the Workmen's Compensation Law in that she, as an employer of labor, in the conduct of a " beauty parlor " (which is alleged to be a hazardous employment as defined in group 12 of subdivision 1 of section 3 of that act), failed to secure compensation to her employees, for injuries sustained or death incurred, by not insuring the payment of such compensation by any of the means provided in the requirements of section 50 of article 4 of the statute.

The facts are conceded. Defendant is the proprietress of a " beauty parlor " which she conducts with the assistance of one employee. Among the numerous activities there carried on are the trimming and shaping of women's hair; and the information was lodged after defendant's employee had been observed trimming the hair of a woman patron. Defendant has not taken out workmen's compensation insurance. She insists, through her counsel, that she is not required to do so; and the latter moved, at the close of the hearing, to dismiss the information and for defendant's discharge upon the ground that her failure to so insure her one employee is not a crime because, as he claims, the operation of a " beauty parlor " is not one of the hazardous employments enumerated in groups 2 to 14 (both inclusive) of subdivision 1 of section 3 of the act, and that, inasmuch as fewer than four operators are employed therein, the employment is not one of those covered by group 18 of subdivision 1 of that section.

The sole question presented for decision is whether working in a " beauty parlor " is one of the hazardous employments designated in the statute as those in connection with which workmen's compensation insurance is required. Conceding that it is not *specifically* so designated, the Assistant Attorney-General, who appears in support of the prosecution, insists that it is comprehended within the classification of " barbers " as contained in the statute. The Attorney-General informs me that, although many convictions have been obtained upon this theory, there is no reported decision upon the question; and counsel on both sides have requested that, whatever the conclusion at which I arrive, the grounds therefor be put in writing. Hence this opinion.

Mindful of the fact that, where the issue as to whether an occupation comes within the statute arises between employer and employee, the act must be strictly construed (*Maloney v. Levy & Gilliland Co.,*

176 App. Div. 470, 472 and cases cited; *Matter of Schmidt* v. *Berger*, 221 N. Y. 26; *Matter of Kammer* v. *Hawk*, Id. 378), and that this rule applies with even greater force in a criminal prosecution, I am nevertheless of opinion that the motion should be denied. I reach this conclusion upon the authority of *Matter of Rice* v. *Stoneham* (254 N. Y., 531), which I regard as holding that the essential nature of the work, rather than the designation given to the employment, is the controlling factor in determining whether the occupation is embraced within any particular group of section 3 of the act. If that be the correct test, there can be no doubt that much of the work performed in a " beauty parlor," upon the hair, scalps and faces of women patrons, does not differ, in any material respect, from that done by a barber upon his male customers. Every risk of injury and of infection to which the barber is exposed, and which tends to render his employment hazardous, attends the beauty parlor operator in equal degree, except possibly the danger arising from the more frequent use of the razor by the barber. Indeed, some of the operations conducted in a beauty parlor, such as permanent waving, bleaching and dyeing of the hair and the like, involve risks to the operator beyond any to which the barber is subjected.

In the *Stoneham* case (*supra*) it was held that a jockey was included within the classification " drivers." The generally accepted and well-understood meaning of the noun " jockey " is quite different from that of " driver." According to ordinary speech a jockey is one who *rides* a *horse* in a running race or a steeplechase. The word connotes a saddle and a single horse — not a set of harness — possibly with a vehicle attached thereto — and one or more horses, mules, oxen or dogs. The word " driver," on the other hand, brings before the mind one who, from either a vehicle or a position on the ground, controls an animal or animals of any of the kinds last mentioned. When one wishes to describe a person who, upon horseback, drives other animals, a word other than " driver " is used. " Cowboy " or " herder " is the term then employed. Similarly, " barber " has a meaning wholly distinct from any of the designations which are applied to those who labor to create or increase feminine pulchritude and whose activities are conducted not in a " barber shop," but in a " beauty parlor," " beauty shoppe " or " beauty salon." In holding that a jockey was included within the classification " drivers," the court, in the *Stoneham* case, obviously looked beyond the mere definitions of the several words and based its decision upon the substantial identity of the two occupations and the risks involved in each. I am obliged to do likewise and, finding that the similarity between the work of a beauty shop operator and that of a barber is even greater than

between that of a jockey and a driver, I am constrained to hold that employment in a beauty parlor comes within the work of " barbers " as the latter word is used in group 12 of section 3 of the statute.

The motion to dismiss the information is denied; the defendant is adjudged guilty; but sentence is suspended upon condition that insurance be provided.