In the Matter of the Claim of LOUISA BARGEY against MASSARO MACARONI COMPANY et al., Respondents.

STATE WORKMEN'S COMPENSATION COMMISSION, Appellant.

Workmen's Compensation Law — when deceased injured while constructing a partition in a building where defendant's business was carried on, by a collapse of the building, not an employee within meaning of statute.

Defendant was engaged in a business within group 33 of the hazardous employments enumerated by the Workmen's Compensation Law (L. 1914, ch. 41; Cons. L. ch. 67). Deceased was injured while constructing a partition in the building where defendant's business was carried on, by a collapse of the building. *Held*, that deceased was not an employee engaged in a hazardous employment carried on by defendant, and the claim was properly dismissed.

*Matter of Bargey* v. *Massaro Macaroni Co.*, 170 App. Div. 103, affirmed.

(Argued April 12, 1916; decided June 16, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 9, 1915, reversing an award of the workmen's compensation commission and dismissing the claim of the petitioner.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for appellant. The deceased was not a casual

employee, but if he were he is still protected by the Workmen's Compensation Law. (*Sabella* v. *Braziliero*, 91 Atl. Rep. 1032; *Shaeffer* v. *De Grottola*, 85 N. J. L. 444; *Dewhurst* v. *Mather*, 1 B. W. C. C. 328; *Smith* v. *Buxton*, 8 B. W. C. C. 196; *Tombs* v. *Bomford*, 5 B. W. C. C. 338.) The deceased was not an independent contractor, but an employee of the defendant. (Code Civ. Pro. § 1338; *McKinley* v. *Hesson*, 202 N. Y. 24; *Lenox* v. *Lenox*, 195 N. Y. 359; *Untermyer* v. *City of Yonkers*, 188 N. Y. 594.)

*Bertrand L. Pettigrew* and *Walter L. Glenney* for respondents. The deceased was an independent contractor. (*Murray* v. *Dwight*, 161 N. Y. 301; *Kueckel* v. *Ryder*, 54 App. Div. 252; 170 N. Y. 562; *Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Rheinwald*, 153 N. Y. Supp. 598; *McCoy* v. *Kirkpatrick*, 1 Cal. Dec. 34; *Woodcock* v. *Sartle*, 84 Misc. Rep. 485.)

COLLIN, J. The Massaro Macaroni Company, denominated the employer, was engaged in manufacturing macaroni. Its business was within group 33 of the hazardous employments enumerated by the Workmen's Compensation Law (L. 1914, ch. 41; Cons. L. ch. 67). The group is defined as follows: " Canning or preparation of fruit, vegetables, fish or food stuffs; pickle factories and sugar refineries." The deceased, Lyman D. Bargey, was a carpenter and builder. He had contracted with the company that he would " raise the second and third story floor and roof of the portion at the southwest corner of the macaroni factory to a level with the floor and roof north of this section," and furnish the labor and material therefor, for a stated sum. During the performance of the contract, work additional to that contracted for developed, which Bargey did, as directed, and presented itemized bills for the materials and labor therefor to the company. An item of it was placing a partition. During the perform-

ance of the contract, the partition had been constructed in part and thus left while the new floors of concrete were drying. Bargey came back to finish it after the contract was completed and while working upon it was killed by the collapse of the building. The Appellate Division reversed the award of the state industrial commission upon the ground, as appears from the prevailing opinion, that Bargey was not an employee engaged in an hazardous employment, within the Workmen's Compensation Law, and dismissed the claim. We are of the opinion that such conclusion was correct.

The law provides: "Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments," which are enumerated in groups. (Section 2.) Obviously, two factors are essential to empower the commission to award compensation, namely, (a) an employee injured (b) while engaged in an hazardous employment named in the section. The law contains these definitions: "'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." (Section 3, subd. 5.) "'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, employing workmen in hazardous employments; but does not include the state or a municipal corporation or other political subdivision thereof." (Section 3, subd. 3.) "'Employee' means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." (Section 3, subd. 4.) The law further provides: "Every employer subject to the provisions of this chapter shall pay or provide as

required by this chapter compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment,  *  *  *." (Section 10.)

The determination of the question here, through the application of these provisions, is not difficult. The company was an employer, because it employed workmen in an hazardous employment, to wit, preparing macaroni, a food stuff. Bargey, the deceased, was not an employee, because he was not engaged in the preparation of macaroni. The placing of the partition was not an adjunct of or within a department of the employment of preparing macaroni. It was a specific act for which Bargey was specially employed, which had no relation to the hazardous employment except that it made more useful, within the contemplation of the employer, the building in which the employment was carried on. He was not engaged in the preparation of macaroni, even as in partitioning off a part of the residence of a physician as a professional office he would not be engaged in the occupation of practicing medicine. He was not, within the intendment of the law, an employee of the company.

The appellant invokes also the part of the language creating group 42 as follows: "construction, repair and demolition of buildings." It is answered by the fact that the company did not carry on the occupation of constructing, repairing and demolishing buildings for pecuniary gain. This conclusion is obvious beyond the need of discussion.

The findings and determination of the appellant were without support in the evidence and the order should be affirmed, with costs against the state industrial commission.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN and POUND, JJ., concur; SEABURY, J., dissents on dissenting opinion of WOODWARD, J., below.

Order affirmed.