## DRUMRIGHT FEED CO. v. HUNT et al.

No. 14096—Opinion Filed July 24, 1923.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation—Questions Reviewable — Conclusions of Law.**

Section 7283, Comp. Stat. 1921, enumerates and designates the classes of industries and

business enterprises which come within the meaning of the Workmen's Compensation Law.

Section 7284 defines the term "hazardous employment".

Section 7294 provides: "That decisions of the commission shall be final as to all questions of fact, and except as provided in section 7297 of this article as to all questions of law."

Where a cause is filed in this court within the time and in the manner prescribed by section 7297 and the rules of this court, conclusions of law are reviewable by this court.

2. Same—"Question of Law"—"Hazardous Employment."

Where the commission has determined from the evidence the fact that the claimant is engaged in a given employment, determined his duties under such employment, determined that he has sustained injuries while in the discharge of his duties, and the extent of such injuries, together with all facts pertaining thereto, it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment", as defined by section 7294, supra.

3. Same—Hauling Grain from Railroad to Feed Store.

Where an employer, engaged in the business of an ordinary retail feed store, employs a hand whose duties are to assist another hand in hauling sacked grain from a railroad car to the feed store with a wagon and team, and such employe accidentally falls off the wagon and sustains injuries. held, the character of his employment and his duties under such employment are not within the meaning of the term "hazardous employment", as defined by statute.

Original action by the Drumright Feed Company to review order of State Industrial Commission awarding workmen's compensation to D. H. Hunt. Reversed and remanded.

S. A. Denyer, for petitioner.

Grace Arnold, for respondents.

HARRISON, J. This is an appeal from an award made by the State Industrial Commission.

The award was made to one D. H. Hunt, who, under the facts found by the commission, was engaged in unloading a car of sacked oats and in removing said oats to the feed store of the Drumright Feed Company. Hunt, the claimant, and another man had been to the car and loaded a wagon with sacked oats and had started back to the store with the wagon load of oats, the wagon being pulled by a team of horses

driven by the other man; on the way from the car to the store a portion of the load of oats slipped off the wagon, causing claimant to fall and causing the injuries complained of.

The commission heard the evidence, transcript of which is presented here, and made finding of facts upon which it made an award of $11.54 per week for a period of eight weeks, and ordered the Drumright Feed Company, petitioner herein, to pay such award to claimant, Hunt.

The decisive question in the case is whether the employment of hauling sacked grain from a standing freight car to petitioner's feed store with a wagon and team of horses constituted "hazardous employment", as defined by sections 7283, 7284, Comp. Stats. 1921. Said sections are as follows:

Section 7283. "Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and workshops where machinery is used; printing, electrotyping, photo-engraving and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries and allied plants and works, water works, reduction works, elevators, dredges, smelters, powder works, glass factories, laundries operated by power, creameries operated by power, quarries, construction and engineering works, construction and operation of pipe lines, tanneries, paper mills, transfer and storage, construction of public roads, wholesale mercantile establishments, employes employed exclusively as salesmen or clerical workers excepted; operation and repair of elevators in office buildings; lodging, lumbering, street and interurban railroads not engaged in interstate commerce, buildings being constructed, repaired or demolished, farm buildings and farm improvements excepted; telegraph, telephone, electric light or power plants or lines; steamheating or power plants and railroads not engaged in interstate commerce".

Sec. 7284. (1) "Hazardous employment shall mean manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades, mentioned in section 2 of this act, but shall not include any one engaged in agriculture, horticulture, or dairy or stock-raising, or in operating any steam railroad engaged in interstate commerce".

The work in which the claimant was engaged is not one of the classes of employment enumerated in the foregoing statute, and does not come within the meaning or intention of said statute, nor does the fact that the employer may have been engaged

in a separate and distince enterprise, viz., hauling equipments to the oil field on motor trucks, in which business he had taken insurance against injuries to employes, affect his business of running a feed store, ncr bring it within the meaning of the Workmen's Compensation Law; the feed store enterprise having no connection with the motor truck lines into the oil fields. S. W. Gro. Co. v. State Ind. Com., 85 Okla. 248, 205 Pac. 829.

The Honorable Commissioner before whom the testimony was taken made findings of facts, among which he erroneously found, as a fact, that the proprietor of the feed store was engaged in a hazardous occupation within the meaning of the statute. This is not a question of fact, but a question of law. The statute defines "hazardous employment", and enumerates the classes of employment which come within the meaning of the term.

Section 7294 provides that decisions of the commission are final as to all questions of fact, and, except as provided in section 7297 of this article, as to all questions of law. The cause having been filed in this court in the manner and within the time prescribed by section 7297, supra, conclusions of law of the commission are reviewable by this court. The question as to whether the claimant was in the employ of the feed store and what his duties were under his employment, the manner in which he sustained his injury, and the extent of his injury are questions of fact, which when found by the commission are conclusive upon this court; but the question whether or not such facts come within the purview of the Workmen's Compensation Act, or whether the claimant's duties constitute "hazardous employment" as defined by statute, are questions of law, reviewable by this court. The cause having been brought here within the time and in the manner prescribed by statute and the rules of this court, we must hold that the facts in this case do not bring it within the statutory definition nor within the apparent scope of legislative intent.

Under this view, the conclusions of the commissioner are held to be erroneous, and the order of award is hereby set aside, with directions to dismiss the claim.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.