## CRAWFORD et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 15579—Opinion Filed Sept. 15, 1925.

**Master and Servant—Workmen's Compensation Law—Injury to Collector Driving Own Car not Compensable.**

One who sustains an injury while driving his own automobile, who has been employed as a collector, is not entitled to recover compensation from his employer under the Workmen's Compensation Act.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from State Industrial Commission.

Original proceeding by W. E. Crawford and the Travelers Insurance Company, insurance carrier, to review an order of the State Industrial Commission awarding compensation to U. K. Oliver. Order reversed.

Keaton, Wells & Johnston, for petitioners.

Opinion by JONES, C. This is an original proceeding in this court to reverse an award made by the State Industrial Commission in favor of the respondent, U. K. Oliver, as an

employe of W. E. Crawford, wherein the respondent was awarded compensation for injuries received at the rate of $11.54 per week, beginning April 3, 1924.

The facts, as disclosed by the record, show that Crawford was a team contractor handling oil well supplies and owning and operating trucks and teams in this connection, and at various intervals had employed the respondent, Oliver, as a truck driver, paying him by the day for his services. On the day that the respondent received the injury, he was driving his Ford car on a trip from Bristow, where the petitioner, Crawford, resided, to Stroud. It seems that there was a party who lived at Stroud who was indebted to the petitioner. Chawford, in a small sum, of which fact Crawford had made mention to Oliver and had said to him that if at any time he should be going to Stroud, he would give him the bill for collection. It appears from the record that Oliver did not make a special trip, solely for the purpose of making the collection for Crawford, but was going over to Stroud for some reason, which is not disclosed by the record, and incidentally took the bill along for collection. He had not been engaged by, or in the employment of, Crawford for several days at that time, and on this trip while driving his own car Oliver met with an accident, which resulted in the injuries complained of.

The petitioner prosecutes this proceeding and assigns numerous errors, all of which go to the question of whether or not the respondent, Oliver, was engaged in such employment and injured under such circumstances and conditions that will entitle him to compensation under the "Workman's Compensation Law."

The Attorney General in his brief admits that the respondent is not entitled to recover compensation in this case, and we think, under the facts as disclosed by the record in this case, that it is commendable in the Attorney General to make such an admission, for it is clear that it would be a gross perversion of the statute to uphold the award in this case. Section 7283, Comp. St. 1921, is as follows:

"1. Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: * * * Construction and operation of pipe lines, tanneries, paper mills, transfer and storage, construction of public roads, wholesale mercantile establishments, employes employed exclusively as clerical workers excepted * * *"

—wherein certain hazardous employments

are named, to which the compensation act applies, and section 7284, Comp. St. 1921, defines hazardous employments as follows:

"2. 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employes engaged as clerical workers exclusively. * * *

"3. 'Employer,' except when otherwise expressly stated means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment. * * *"

"4. 'Employe' means any person engaged in manual or mechanical work or labor in the employment of any person, firm, or corporation carrying on a business covered by the terms of this act. * * *"

"5. 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

And while driving a Ford automobile might be regarded as a hazardous occupation, it is not included in the statutes, wherein the various occupations are mentioned which are declared to be hazardous by the Legislature, and until the Legislature speaks on this subject, we shall refrain from so declaring it, and even though it be a hazardous employment or occupation, it would not render the appellant liable in this instance for the reason that the nature of the employment in this instance was that of a collector, and it is very clear that the statute has no application to that character of employment. The question here involved is so elementary that we deem an extended discussion of the law of same is unnecessary; however, we will cite a number of authorities which we think are in full accord with the opinion here rendered: Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 Pac. 491; Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 Pac. 929; Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303; Harris v. Oklahoma National Gas Co., 91 Okla. 39, 216 Pac. 116; Gleisner v. Gross & Herbener, 155 N. Y. S. 946; Bargey v. Massaro Macaroni Co., 218 N. Y. 410, 113 N. E. 407.

There is no dispute or controversy as to the facts in this case, and it is purely a question of law; hence this court is not bound by the findings of the State Industrial Commission, and we find that the injury complained of, or the accident resulting in the injury in the first instance, does not

come within the provisions of the statute as a hazardous employment or occupation, and second, it did not "arise out of, and in the course of employment, such as is contemplated by the statute." And the award should be set aside and the judgment of the Industrial Commission reversed.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. pp. 42, § 35; 73, § 63 anno. 29 A. L. R. 120, 36 A. L. R. 474.