## VANOY v. STATE INDUSTRIAL COMMISSION et al.

No. 20309. Opinion Filed Nov. 26, 1929.

Rehearing Denied Jan. 7, 1930.

Maris & Maris, for petitioner.

Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., and Keaton, Wells, Johnston & Barnes, for respondents.

MASON, C. J. This is an original proceeding by A. C. Vanoy, as petitioner, to reverse and vacate final order made by the Industrial Commission in favor of the Thompson-Parker Lumber Company and Travelers Insurance Company, wherein petitioner was denied compensation for injuries received while in the employ of said lumber company.

The facts, as disclosed by the record, show that on December 18, 1926, the petitioner, Vanoy, was employed as manager of the Thompson-Parker Lumber Company at Ponca City; that his duties consisted of loading and unloading lumber, waiting on customers, collecting accounts, and other regular duties in the operation of a lumber yard.

The lumber company had just purchased a new automobile which the petitioner was using in attempting to collect an account. Petitioner first drove to the residence of such debtor, who lived a few miles north of Ponca City, and upon being advised that said party was not at home but was in the city of Newkirk, about 13 miles further north, the petitioner started to said city for the purpose of making the collection. It appears that, on invitation of the petitioner, a young lady of Ponca City was accompanying him on this trip, and as they were nearing the city of Newkirk, the young lady, who was driving at the time, lost control of the car and it ran into a tree, resulting in injury to the petitioner's knee cap.

The insurance carrier, Travelers Insurance Company, upon being advised that the petitioner was injured, paid compensation in the sum of $99, but thereafter refused to pay further compensation, upon being advised that the car was not being driven by the petitioner at the time of the accident.

The Commission found that the disability complained of was not the result of an accidental injury arising out of and in the course of his employment with the respondent lumber company within the meaning of the Workmen's Compensation Law, and denied compensation.

There is no dispute or controversy as to the facts in the case, but as we view it, it is purely a question of law as to whether or not the petitioner was engaged in such employment and was injured under such circumstances and conditions as to entitle him to compensation.

Section 7283, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 1, provides as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills and workshops where machinery is used; printing, electrotyping, photoengraving and stereotyping plants where machinery is used, foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries and allied plants and works, water works, reduction works, elevators, dredges, smelters, powder works, glass factories, laundries operated by power, creameries operated by power, quarries, construction and engineering works, construction and operation of pipe lines, tanneries, paper mills, transfer and storage, construction of public roads, wholesale mercantile establishments, employees employed exclusively as clerical workers excepted; operation and repair of elevators in office buildings, logging, lumbering, lumber yards, street and interurban railroads not engaged in interstate commerce, buildings being constructed, repaired or demolished, farm buildings and farm improvements excepted; telegraph, telephone, electric light or power plants or lines; steam heating or power plants and railroads not engaged in interstate commerce."

It will be observed that the foregoing section includes "lumber yards," but no other provisions applicable to the instant case.

Section 7284, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 2, defines "hazardous employment" as follows:

"1. 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employees engaged as clerical workers exclusively. * * *"

Paragraph 4 provides:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this act. * * *"

22

Paragraph 15 provides:

"Where several classes or kinds of work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

This court, in the case of Crawford v. State Industrial Commission, 111 Okla. 265, 239 Pac. 575, was considering a question similar to the one before us at this time, and announced the following rule in the syllabus:

"One who sustains an injury while driving his own automobile, who has been employed as a collector, is not entitled to recover compensation from his employer under the Workmen's Compensation Act."

In the body of the opinion it is stated that, while driving an automobile might be regarded as a hazardous occupation, it is not included in the statutes wherein the various occupations are mentioned which are declared to be hazardous by the Legislature.

The opinion goes on to say that, even though it be a hazardous employment or occupation, it would not render the appellant liable in that case for the reason that the nature of the employment was that of collector, and that it is very clear that the statute was not applicable to that character of employment. The opinion further states that the question is too elementary for extended discussion, and cites the following cases: Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 Pac. 491; Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 Pac. 929; Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303; Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 Pac. 116; Gleisner v. Gross & Herbener, 155 N. Y. S. 946; Bargey v. Massaro Macaroni Co., 218 N. Y. 410, 113 N. E. 407.

Conceding, however, without deciding that driving or operating an automobile might, under some circumstances, be a hazardous occupation, within the provisions of the act, yet the evidence in the instant case is that the petitioner was not so engaged at the time.

It may be that an accidental injury received by an employee while riding in his employer's automobile, as a necessary incident to the performance of manual or mechanical labor of a hazardous nature, would come within the provisions of the act, but this question is not here presented. The petitioner herein was merely riding in said automobile as an incident to the collection of an account which, under the rule announced in Crawford v. Industrial Commission, supra, does not come within the provisions of the act.

We are of the opinion that the finding and conclusion of the Industrial Commission was correct, and the petition to review and vacate the same must be denied.

LESTER, HUNT, HEFNER, CULLISON, and ANDREWS, JJ., concur. RILEY, J., dissents. CLARK and SWINDALL, JJ., absent.

Note.—See Workmen's Compensation Acts —C. J. § 35, p. 42, n. 12.