## OKLAHOMA PUBLISHING CO. et al. v. MOLLOY et al.

No. 21186. Opinion Filed Dec. 9, 1930.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Lillard & Wheeling and William F. Collins, for respondents.

HEFNER, J. This is an original action to review an award of the State Industrial Commission directing the petitioners to pay compensation to Eddie Molloy, the claimant, for 16 weeks for temporary total disability in the sum of $288.

The claimant was employed by the Oklahoma Publishing Company at a salary of $30 per week. His work consisted of soliciting the orders and subscriptions for the Daily Oklahoman and Oklahoma City Times, newspapers published by the employer, and in delivering sample copies of the papers as he made solicitations therefor. He traveled by automobile from one town to another over the state as a member of a sales "crew," which was composed of a foreman and three solicitors. On February 7, 1930, the claimant, while in the performance of his duty in Wetumka and while walking from a house he had visited to the one next door, fell on the sidewalk, which was covered with ice, and hurt his leg.

The petitioner contends that the provisions of the Workmen's Compensation Act apply only to such employees as are engaged in mechanical and manual labor of a "hazardous" nature and do not extend to one whose sole employment is that of a traveling salesman.

The claimant was a traveling solicitor. He did not work in the plant of the publishing company, his work consisted of soliciting orders for the publications of the company. He delivered samples of the papers in connection with his solicitation.

The employments included within the Workmen's Compensation Act are included in section 7283, C. O. S. 1921, as amended by Session Laws of 1923, ch. 61, sec. 1, and a portion of the section is as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: Factories, cotton-gins, mills and work shops where machinery is used; printing, electrotyping, photo-engraving and stereotyping plants where machinery is used. * * *"

Printing plants where machinery is used are included. The men employed by the publishing company in its printing plant

would doubtless come within the provisions of the act, as well as those employed in the electrotyping, photoengraving, and stereotyping departments. There are numerous departments, however, of a large publishing company, such as clerks, stenographers, copy readers, reporters, bookkeepers, subscription solicitors and salesmen for advertising, as well as the army of newsboys who sell and deliver the paper. The Legislature realized that there would be numerous departments in large business affairs where several different kinds of work would be performed. With this in view it enacted section 7284, O. O. S. 1921, as amended by Session Laws of 1923, ch. 61, sec. 2, and subsection 15 thereof provides:

"Where several classes or kinds of work are performed the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

In paragraph 1 of the above section "hazardous employment" is defined as follows:

" 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incidental to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include anyone engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce."

It is clear that the Legislature recognized the fact that an employer might conduct different departments of business, some of which would fall within the act and some of which would not. This court in the case of Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 Pac. 929, said:

"The Workmen's Compensation Act recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act and some of which do not."

Before the claimant can recover he must show that he is engaged, first, in manual or mechanical work or labor; and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law. Drumright Feed Co. v.

Hunt, 90 Okla. 277, 217 Pac. 491; Crawford v. State Industrial Commission, 111 Okla. 265, 239 Pac. 575.

It is clear that the Legislature did not intend to include within the Industrial Act all employees of all business concerns. It was intended, however, that all employees engaged in manual or mechanical work or labor of a hazardous nature should be included. In the case of McQuiston v. Sun Co., 134 Okla. 298, 272 Pac. 1016, this court, speaking through Mr. Justice Riley, said:

"The provisions of the Workmen's Compensation Act apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature, and do not extend to one whose sole employment is that of a traveling salesman."

McQuiston was a traveling salesman. He went from town to town for the purpose of selling greases, oils, etc. It was held that he was not engaged in manual or mechanical work or labor of a hazardous nature.

In the case at bar the claimant went from town to town soliciting orders or subscriptions for the Daily Oklahoman or the Oklahoma City Times. We think the case at bar comes within the rule announced in the McQuiston Case. To hold otherwise would be to include practically all of the employees of the Oklahoma Publishing Company down to and including the newsboys who sell the paper on the streets and those who deliver the paper on their various routes. We do not think the Legislature ever intended to include employees of this character. It is not enough to show that the employee was engaged in manual or mechanical work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act. We do not think the claimant has brought himself within this rule, and the judgment of the Industrial Commission is vacated, and the case remanded, with directions to dismiss the same.

MASON, C. J., LESTER, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent. CLARK, J., not participating.