**CITY OF MADILL et al. v. MOSS et al.**

No. 21680. Opinion Filed April 21, 1931.

Rehearing Denied June 30, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Robert D. Crowe and D. O. Welch, for respondents.

McNEILL, J. This is an original proceeding on petition of the city of Madill and Zurich General Accident & Liability Insurance Company, Limited, against Homer Moss, and the State Industrial Commission to review the award made by the said Industrial Commission on the 9th day of August, 1930, wherein the Commission ordered the petitioner, the city of Madill, and its insurance carrier to pay Homer Moss, respondent herein, the sum of $144 as compensation for temporary total disability, and the sum of $945 for permanent loss of the use of his right foot.

The respondent, Homer Moss, was the city manager of the city of Madill, Okla. He lived in the City Hall on the second floor, and had charge and supervision of the city water department, supervising and directing all the departments of the city; his work requiring him to go about the city overseeing the departments, observing what was necessary to be done to keep them functioning properly. The city had a pump station about three-fourths of a mile southeast of town. At this station there was a fire pump which was used to increase the water pressure for fighting fire. It was automatically operated by an electric push button located on the ground floor of the City Hall. There was a stairway leading from the first floor to the second floor where the claimant lived, and the push button was in the opposite corner of the City Hall from this stairway. Near the push button was a water pressure gauge which showed the water pressure on the water line of the city. When the fire alarm was sounded it was the duty of the claimant to watch the gauge in the City Hall. When the fire hose was connected and open he was required to push the electric button to increase the water pressure to operate the fire pump so as to provide sufficient water pressure through the hose for fighting the fire. The time lapsing from the sounding of the fire alarm and the time of operating the pump would vary from two to ten minutes, and when the fire hose was turned off, it was the duty of the respondent to push the button, thus stopping the pump. There was a fire pole which was used by the firemen in sliding from the second to the first floor

of the City Hall. On the day in question, to wit, January 16, 1930, the respondent, after a fire alarm had been sounded, instead of going down the stairway to watch the gauge and to push the electric button in reference to increasing the water pressure, slid down the fire pole and hit the floor sharply, injuring his ankle.

The respondent had worked for the city four years and at the time of his injury was earning $125 per month. The Commission, on the 9th of August, 1930, after considering the evidence introduced at a hearing held at Durant on June 6. 1930, found, in part, as follows:

"That, on the 16th day of January, 1930, claimant was in the employ of said respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment.

"That by reason of said accidental injury, said claimant has sustained 35 per cent. permanent partial loss of the right foot."

And further finding that, by reason of said accidental injury, the claimant was temporarily totally disabled from the 16th of January, 1930, to March 16, 1930, a total of eight weeks and five days, and further finding that claimant was entitled to the sum of $945, or 35 per cent. permanent partial loss of the use of his right foot, and made its order and award in accordance with said finding.

The petitioners complain that the Commission's finding that the respondent was engaged in a hazardous employment covered by the provisions of the Workmen's Compensation Act is not reasonable nor supported by any evidence; and that the Commission's order and award is illegal and contrary to law and exceeded the jurisdiction of the Commission, and that the Commission should have dismissed the claim of respondent.

There is apparently no dispute as to the facts in this case, nor as to the nature or extent of the injury received by the respondent.

Section 7283, C. O. S. 1921, as amended by Session Laws 1923, ch. 61, sec. 1, provides for compensation for employees injured in certain hazardous employment, among which is "water works."

Section 7284, C. O. S. 1921, as amended by Laws 1923, ch. 61, sec. 2, provides:

"1. 'Hazardous employment' shall mean manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades, mentioned in section 7283 * * * and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce. * * *

"3. 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives, of a deceased employer, or the receiver or trustee of a person, partnership, association, or corporation, employing workmen in hazardous employments. * * *

"4. 'Employee,' means any person engaged in manual or mechanical work, or labor, in the employment of any person, firm, or corporation carrying on a business covered by the terms of this act. * * *

"15. Where several classes or kinds of work is performed, the Commission shall classify such employment and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

In the case of Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 Pac. 112, this court, in the second paragraph of the syllabus, states:

"Before a claimant can recover under the Industrial Act, he must show that he was engaged, not only in manual or mechanical work or labor, but that such work or labor was of a hazardous nature."

In the body of the opinion, the court states:

"Before the claimant can recover, he must show that he is engaged, first, in manual or mechanical work or labor, and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law." Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 Pac. 491; Crawford v. State Industrial Comm., 111 Okla. 265, 239 Pac. 575. It is clear that the Legislature did not intend to include within the Industrial Act all employees of all business concerns. It was intended, however, that all employees engaged in manual or mechanical work or labor of a hazardous nature should be included. * * *

"It is not enough to show that the employee was engaged in manual or mechanical work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act."

Webster's Unabridged Dictionary defines "manual" as:

"Of or pertaining to the hand, or hands.

Done, made, or operated by or used with the hand, or hands, as manual labor."

"'Mechanic'; pertaining to manual labor, involving manual skill. One who practices any mechanic art, trade, one skilled or employed in shaping or uniting materials, as wood, metal, etc., into any kind of structure, machine, or any other object requiring the use of tools or other instrument."

"'Mechanical' (as an adjective) 1. Of, or pertaining to, or concerned with, manual labor; engaged in manual labor; of the artisan class. 2. Of, or pertaining to, or concerned with, machinery or mechanism; made or formed by a machine or with tools; as mechanical precision; mechanical products."

"'Laborer': A person who does work that requires strength rather than skill, as distinguished from artisan and from the professional classes; bodily exertion or effort directed to supplying society with the required material things; the service rendered or part played by the laborer, operative, and artisan, in the production of wealth, as distinguished from the service rendered by capitalists, or by those whose exertion is primarily and almost entirely mental."

It cannot be contended that work of this character, which requires the watching of the water gauge and pressing of the electric push button, was manual or mechanical work or labor of a hazardous nature as that term is used by reason of section 7284, supra. It would be extending the plain language and intent of the Workmen's Compensation Law too far to say that work of this kind and character was of a hazardous nature or that it was manual or mechanical.

We conclude that the respondent was not engaged in manual or mechanical work or labor of a hazardous nature connected with or incident to one of a hazardous employment specified in the Workmen's Compensation Act, and that the award of the Commission is vacated, and the case remanded, with directions to dismiss the same.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents.