## SEAMAN-PACKARD LBR. CO. et al. v. BROWN et al.

No. 22380.   Opinion Filed Feb. 23, 1932.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and Stevens & Cline, for respondents.

CLARK, V. C. J.   This is an original proceeding in this court by petitioners to review an award of the State Industrial Commission, made and entered in favor of the respondent, Joseph R. Brown, wherein the Commission found that Joseph R. Brown was employed by the petitioner herein and engaged in a hazardous occupation covered by and subject to the Workmen's Compensation Law on the date of the injury, and awarded compensation for permanent partial disability.

The facts as disclosed by the record show that, on the 30th day of October, 1930, the respondent herein, Brown, was employed as local manager of the Seaman-Packard Lumber Company's lumber yard at Lawton, Okla.; that there was also in the employ of said company, in said yard, other employees consisting of one bookkeeper and a yard man, who acted as truck driver.

That the duties of respondent herein consisted of seeing that the operations of said yard were properly handled; that he spent possibly two or three hours a day in the yard, and when in the yard he handled lumber and other things handled by the company and assisted on a rush bill or when the truck driver was out with the truck; that the bookkeeper does a part of the collecting and that respondent did a part of the collecting, and that he was required to be on the road on an average of two hours a day; that he hardly ever did manual labor when out on trips; that it had been about two years prior to the injury complained of that he had engaged in manual labor while on trips out of the city for the company, and it had been about one and one-half years prior thereto that he had delivered a load of lumber on a trip for the company; that on the day of the accident he went to the town of Apache to make a collection for the company. To save expenses of the trip and the necessity of driving his own car, he rode with a friend in said friend's car; that on the road back, in returning from the collection trip, that the driver of the car lost control thereof and caused the wreck whereby respondent received the injury complained of.

There is no dispute or controversy as to the facts in the case, and, as we view it, it is purely a question of law as to whether or not the respondent herein was engaged in such employment and was injured under such circumstances and conditions as to entitle him to compensation.

Section 7283, C. O. S. 1921, as amended by Session Laws 1923, chap. 61, sec. 1, provides in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employee engaged in the following hazardous employments to wit: * * * lumber yards. . * * *"

Section 7284, C. O. S. 1921, as amended by Session Laws 1923, chap. 61, sec. 2, defines "hazardous employment" as follows:

1.  "'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or

trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce."

Paragraph 4 thereof provides:

" 'Employee' means any person engaged in manual or mechanical work, or labor, in the employment of any person, firm or corporation carrying on a business covered by the terms of this act. * * *"

Paragraph 15 thereof provides:

"Where several classes or kinds of work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

Petitioners contend:

"(1) The accident did not arise 'out of' the employment.

"(2) The claimant was not engaged in manual or mechanical labor of a hazardous character."

The respondents contend that the award should be affirmed on the rule announced in the case of Motor Equipment Co. v. Stephens, 145 Okla. 156, 292 P. 63. A review of which case shows that the facts in that case were entirely different from the facts in the case at bar, to wit: Stephens' duties were to visit filling stations, garages, and machine shops in the vicinity of Lawton, Okla., and in the course of his employment it was his duty to sell the equipment sold by the said Motor Equipment Company, and he was required to repair the machinery that he sold to the trade in his territory, and to make demonstration in order to induce prospective customers to purchase said machinery.

In the case at bar, Brown did not go on the trip on the day of the accident to perform any manual or mechanical labor, but went purely for the purpose of endeavoring to make a collection, and also to get in connection with the manager of a lumber company at Apache to sell them some stuff from time to time. Brown's duties were manager of the local lumber company at Lawton. That it had been a year and a half or two years prior to the accident in question that he had performed any manual labor for the company out of town.

There being no dispute or controversy as to the facts, it is therefore purely a question of law: We conclude that the injury complained of, or the accident resulting in the injury in the first instance, does not come within the provisions of the Workmen's Compensation Law as a hazardous employment; and second, it did not "arise out of, and in the course of a hazardous employment, such as is contemplated by the statutes."

The award is hereby set aside, cause remanded, with directions to dismiss the claim.

LESTER, C. J., and HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.