### COVINGTON MOTOR CO. et al. v. PARTRIDGE et al.

No. 22346. Opinion Filed March 8, 1932.

Clayton B. Pierce and Fred M. Mock. for petitioners.

Simons, McKnight. Simons & Mitchell and J. Berry King. Atty. Gen.. and Robert D. Crowe, Asst. Atty. Gen., for respondents.

LESTER, C. J. This is an original action to review an award of the State Industrial Commission. The claimant was employed as collector by her employer, and while on an errand in line of her duty she suffered an injury to her arm by reason of the car in which she was riding being overturned. The car was furnished by the employer to the claimant for the purpose of transporting the claimant to various places in order to make calls upon parties owing the employer. The Commission made an award to

the claimant. The employer filed an answer before the Industrial Commission in which it set up a general denial of each and every allegation contained in claimant's claim. It is also alleged that the State Industrial Commission had no jurisdiction to hear and determine the matter of the claim of the claimant against the employer. The principal question before us is whether or not claim of the claimant comes within the terms of the Workmen's Compensation Act of this state (Comp. St. 1921, sec. 7282 et seq., as amended).

In the case of Vanoy v. State Industrial Commission et al., 141 Okla. 20, 283 P. 555, this court said:

"An employee who is engaged in collecting accounts for a lumber company is not entitled to compensation, under the Workmen's Compensation Act, for injuries received when his employer's automobile, in which he is riding, is wrecked."

In the case of Crawford v. State Industrial Com., 111 Okla. 265, 239 P. 575, this court said:

"And while driving a Ford automobile might be regarded as a hazardous occupation, it is not included in the statutes, wherein the various occupations are mentioned which are declared to be hazardous, by the Legislature, and until the Legislature speaks on this subject we shall refrain from so declaring it, and even though it be a hazardous employment or occupation, it would not render the appellant liable in this instance, for the reason that the nature of the employment in this instance was that of a collector, and it is very clear that the statute has no application to that character of employment. The question here involved is so elementary that we deem an extended discussion of the law of same is unnecessary; however, we will cite a number of authorities which we think are in full accord with the opinion herein rendered: Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929; Hogan v. State Industrial Com., 86 Okla. 161, 207 P. 303; Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116; Gleisner v. Gross & Herbener, 155 N. Y. S. 946; Bargey v. Massaro Macaroni Co., 218 N. Y. 410, 113 N. E. 407."

The award is vacated and the claim is ordered dismissed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.