**STAYMAN et al. v. McKELLOP et al.**

No. 24430.    Oct. 3, 1933.

Roy V. Lewis, for petitioners.

Krit Logsdon and N. J. Gubser, for respondent Albert McKellop.

CULLISON, V. C. J. This is an original proceeding by C. C. Stayman and/or New Hotel Tulsa, and Globe Indemnity Company, petitioners, to review an award of the State Industrial Commission made in favor of Albert McKellop on January 5, 1933.

The record discloses that the case was

considered by the Commission upon a stipulation of facts, which stipulation recites that on March 24, 1932, while employed by the New Hotel Tulsa to work jointly in the Hotel Bakeshop and to drive the hotel delivery and pick-up truck, claimant received an accidental injury while unloading a desk at another hotel, which injury resulted in a hernia. That the only power-driven machinery in the bakeshop was a dough mixer driven by an electric motor.

The jurisdiction of the Commission was denied by the employer and its insurance carrier, on the ground that the employment in which the claimant was engaged at the time of the accident is not an employment enumerated in the Workmen's Compensation Law as hazardous.

The Commission found that claimant was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law when injured, and awarded claimant 8 weeks' compensation at $8 per week, and an operation and expense incidental thereto, to be paid by the petitioners herein.

The question at issue is whether claimant was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

This court has held that where the Commission has determined from the evidence the fact that the claimant is engaged in a given employment, determined his duties under such employment, determined that he has sustained injuries while in the discharge of his duties, and the extent of such injuries, together with all facts pertaining thereto, it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment." Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491.

The Commission made its conclusion of law that the facts in the case at bar showed that claimant was employed in a hazardous occupation within the terms of the Compensation Law when injured.

Section 13350, O. S. 1931, defines "hazardous employment" as meaning manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931. Neither hotels nor drivers of trucks connected therewith in picking up bundles, going after supplies, etc., are enumerated as a hazardous business or employment. Therefore, under the general rule of this court, the Commission had no jurisdiction to make the award complained of, and its conclusion of law was erroneous, as held in Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112, at page 113:

"It is not enough to show that the employee was engaged in manual * * * work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act. We do not think the claimant has brought himself within this rule, and the judgment of the Industrial Commission is vacated and the case remanded, with directions to dismiss the same."

And again, in the case of Crawford v. State Industrial Commission, 111 Okla. 265, 239 P. 575, at page 266 (pages 575 and 576 of 239 P.):

"And while driving a Ford automobile might be regarded as a hazardous occupation, it is not included in the statutes wherein the various occupations are mentioned which are declared to be hazardous by the Legislature, and until the Legislature speaks on this subject we shall refrain from so declaring it, and even though it be a hazardous employment or occupation it would not render the appellant liable in this instance, for the reason that the nature of the employment in this instance was that of a collector, and it is very clear that the statute has no application to that character of employment. The question here involved is so elementary that we deem an extended discussion of the law of same is unnecessary; however, we will cite a number of authorities which we think are in full accord with the opinion here rendered: Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929; Hogan v. State Industrial Commission, 86 Okla. 161, 207 P. 303. * * *"

The stipulation of facts states that claimant was employed in a bakeshop part of the time, where there was an electric driven dough mixer, and that by reason thereof the bakeshop constituted a "workshop" subject to the jurisdiction of the Commission.

Howbeit, whether or not the bakeshop was a workshop where machinery is used, so as to bring that department of his employer's business within the jurisdiction of the Commission, claimant at the time of his injury was not performing work incidental to the operation of the bakeshop department. As stated in World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. (2d) 1070:

"Although it be said that the employment of men to do manual or mechanical work

connected with or incident to the operation of such printing plant should come within the provisions of the act under the reasoning of Oklahoma Publishing Co. v. Molloy, supra, we do not believe that it was the intention of the Legislature to say by such legislative act that the employer whose business is one which is not enumerated and designated in said act, but who as an incident to its business may conduct a separate department, the conduct of which is enumerated in said act, would thereby bring his entire business, and each department thereof, within the terms of the act. * * *"

In Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, this court held that at the time of the injury claimant was not performing his duties as an elevator operator in an office building, which occupation is covered by the Compensation Law, but was performing separate duties as a janitor, which were not covered by the act and not compensable.

We are of the opinion that in the instant case the fact that the petitioner operated an electric dough mixer in his bakeshop did not render his entire business, with its various departments, such as renting rooms, operating a pick-up truck for delivery of hotel supplies, etc., a workshop, and bring an employee whose duties required him to work in the bakeshop approximately half the time and who was not injured in connection with said work, within the terms of one engaged in hazardous employment as contemplated by the statute.

The award and judgment of the State Industrial Commission is therefore vacated and set aside, with directions to dismiss the claim for want of jurisdiction.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.