## OKLAHOMA NATURAL GAS CORP. et al. v. HALL et al.

No. 24442.   Oct. 31, 1933.

Pierce, Follens & Rucker, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and E. W. Schenk, for respondents.

SWINDALL, J. The respondent C. L. Hall

was employed by the Oklahoma Natural Gas Corporation of Tulsa, Okla. His duties required him to deliver the bills to consumers at their residence. In performing this duty he went from house to house and placed the gas bills of the consumers in their mail boxes. On February 17, 1932, he was delivering gas bills for the Oklahoma Natural Gas Corporation to private consumers, and having placed a gas bill in the mail box of one of the consumers he walked out onto the public sidewalk of one of the streets of Tulsa, Okla., and while walking thereon he slipped and fell, striking his knee. He went to Dr. Glass for treatment, and Dr. Glass treated him once. At that examination Dr. Glass found no disability other than a bruised knee. Respondent continued working for the gas company thereafter in the clerical department until he, together with a number of other employees, was laid off on account of the depression in economic conditions. He then filed a claim for compensation for permanent disability to his leg.

The State Industrial Commission held a hearing upon this claim and made a finding of fact that on February 17, 1933, claimant, C. L. Hall, was in the employment of respondent Oklahoma Natural Gas Corporation, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, said claimant sustained an accidental personal injury on said date, the nature of same being to the right knee when he slipped on sidewalk injuring same; that claimant was furnished medical treatment, but lost no time beyond the 5-day waiting period; that respondent had actual notice of said injury; therefore, there was no prejudice by failure to give notice; and by reason of said injury claimant has sustained 25 per cent. permanent partial disability to right leg, and entered its award in conformity with the facts as found.

From that award the employer and insurance carrier have commenced this proceeding to review. Numerous errors are assigned, but we do not deem it necessary to enter into a lengthy discussion of the same for the reason that section 13349, O. S. 1931, defines the occupations of the employer coming within the provisions of the act. Section 13350, O. S. 1931, paragraph 1, defines hazardous employment as used in section 13349, supra, and we have repeatedly held that employment of the kind disclosed by the facts in this case does not come within the terms and provisions of the Workmen's

Compensation Law. Some of the cases so holding are: McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016; Oklahoma Publishing Co. v. Malloy, 146 Okla. 157, 294 P. 112; Seaman-Packard Lbr. Co. v. Brown, 155 Okla. 200, 8 P. (2d) 749; Havens v. Industrial Commission, 156 Okla. 160, 9 P. (2d) 933; Southern Surety Co. v. Galloway, 89 Okla. 45, 213 P. 850.

The respondent C. L. Hall, to support his contention that the award is sustained by competent evidence, cites several authorities, none of which in our opinion are in point. The cases cited are cases in which employment comes under the terms and provisions of the act. Of course, if the respondent Hall had been performing manual or mechanical work or labor connected with or incident to an occupation, or in a branch or department of a business enterprise, that comes within the terms and provisions of the Workmen's Compensation Law, and his employment required him to go from house to house in performing such work or labor, then he would be entitled to recover. He argues that walking the street from day to day and delivering gas bills is manual labor within the terms and provisions of the Workmen's Compensation Law. In the case of Seaman-Packard Lbr. Co. v. Brown, supra, Brown was endeavoring to collect a bill for his employer and in the case at bar the employee was presenting a bill to a consumer for an employer. It appears to us that there is at least as much labor in collecting a bill as there is in delivering one to a customer.

There is no competent evidence to sustain the award and the same is vacated, and the State Industrial Commission is directed to dismiss the claim for compensation.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, and OSBORN, JJ., concur. BAYLESS, BUSBY, and WELCH, JJ., absent.