## CITY OF EDMOND et al. v. KALE et al.

No. 25212.   Oct, 9, 1934.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

Rex. H. Holden and William O. Coe, for respondent C. W. Kale.

CULLISON, V. C. J. This is an original proceeding in this court by the city of Edmond and its insurance carrier, the United States Fidelity & Guaranty Company, petitioners, to review an order and award of the State Industrial Commission made November 6, 1933, in favor of Charles W. Kale, claimant.

The record discloses that claimant was injured on March 30, 1933, when a truck skidded into a tree and crushed him between the truck and the tree. When injured, claimant was engaged with another employee in hauling wood to a free public park in the city of Edmond, known by the name of Fink Park. The wood was to be used in the ovens there by the general public, free of any charge.

Claimant was an employee of the water department of the city of Edmond at the time of the accident.

Petitioners herein denied liability on the ground that claimant was not engaged in a hazardous employment as contemplated by the Workmen's Compensation Law. (Tr.-4.) The Commission held that claimant was engaged in a hazardous employment and awarded compensation for continuing temporary total disability. (Tr.-58.)

Petitioners rely upon the following proposition for a reversal of said award:

"The Commission had no jurisdiction to award compensation for the reason that the claimant was not engaged in a hazardous employment, as contemplated by the Workmen's Compensation Law of Oklahoma."

The testimony adduced reflects that claimant's duties consisted generally in doing anything he was told to do; particularly, in assisting the lineman on the water truck. (Tr.-20.) Mr. F. M. Stephenson, manager of the city of Edmond, testified that neither the claimant nor the lineman, whom claimant assisted, worked inside the waterworks plant. (Tr.-19.) The park to which claimant was hauling wood was located more than a half mile from the pump house or water plant.

Section 13349, O. S. 1931, designates the different employments which are covered by the Workmen's Compensation Act, and those enumerated are specifically designated to be "hazardous employments." Such designation is defined in the following section as meaning manual or mechanical work or labor connected with or incident to the enumerated employments.

We are concerned here with the hazardous employment of "waterworks," and must ascertain (1) whether the evidence shows that claimant was injured while performing duties required to operate and maintain a "waterworks" plant of a municipality, or while performing duties connected with or incident to such an employment; or (2) whether he was performing duties of a nonhazardous nature when injured.

We think it clear that before claimant can recover under the Industrial Act, he must show that he was engaged, not only in manual or mechanical work or labor, but that such work or labor was of a hazardous nature. Stayman v. McKellop et al., 165 Okla. 183, 25 P. (2d) 701, and many other cases.

In the case at bar, the evidence discloses that claimant was not performing the ordinary functions that are necessary to the operation of a waterworks plant at the time of his injury. Neither was the hauling of wood to the city's park for free public use such work as could be considered a duty connected with or incident to the normal operation of a waterworks plant of a municipality.

The fact that at some time claimant performed services hazardous in their nature does not entitle him to compensation for an injury received while engaged in the

performance of duties in connection with a nonhazardous occupation (Jones & Spicer et al. v. McDonnell et al., 164 Okla. 224, 23 P. (2d) 701) ; it being recognized that the same employer may conduct different departments of business, some of which fall within the act and some of which do not (Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112).

The evidence discloses that claimant not only failed to show that the manual or mechanical work or labor in which he was engaged was of a hazardous nature, which was necessary before the Commission could make an award, but, on the contrary, that claimant's work at the time of his injury was in its nature nonhazardous.

The order and award is vacated as having been rendered without the jurisdiction of the Commission, and the claim ordered dismissed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, WELCH, BAYLESS, and BUSBY, JJ., concur. ANDREWS, J., absent.