## POWELL

v.

## WESTERN UNION TEL. CO. et al.

### No. 35793.

Supreme Court of Oklahoma.

May 4, 1954.

Charles D. Crandall, Oklahoma City, for petitioner.

Keaton, Wells, Johnston & Lytle, Oklahoma City, Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for respondents.

DAVISON, Justice.

On the 2nd day of April, 1952, Dorothy Powell, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that she sustained an accidental injury while employed by respondent Western Union Telegraph Company, when on the 5th day of January, 1952, she slipped and fell on the ice while delivering a telegram.

The State Industrial Commission denied an award in an order, a part of which is as follows:

"That on January 5th, 1952, claimant alleges to have sustained an accidental personal injury, arising out of and in the course of her employment with respondent herein, while employed as a messenger, and alleged to have injured her right arm when she slipped and fell on ice.

"That claimant's employment does not come under the enumerated hazardous employments as defined by the Workmen's Compensation Law."

Claimant as petitioner brings this proceeding to review the order denying the award.

In support of her argument to vacate the order denying the award, she relies upon Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okl. 295, 262 P. 1062; Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okl. 246, 68 P.2d 846; Pemberton Bakery v. State Industrial Commission, 180 Okl.

446, 70 P.2d 98; Allen v. State Industrial Commission, 183 Okl. 585, 83 P.2d 808; H. J. Heinz Co. v. Wood, 181 Okl. 389, 74 P.2d 353, and related cases.

85 O.S.1951 § 2, lists the employments of employees engaged in hazardous employment and specifically includes therein "telegraph, telephone, electric light or power plants or lines".

The question then is to determine whether an employee who is injured while delivering a message for a telegraph company comes within the terms of the statute.

In Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 1035, 83 A.L.R. 1014, it is stated:

"The burden of proof showing jurisdiction of the State Industrial Commission is upon the claimant, and in order to sustain such burden it is incumbent upon the claimant to establish that the employment in which he is engaged is one of those provided for in the act. When such employment is established, then under the provisions of section 7295, C.O.S.1921, it may be presumed, in the absence of substantial evidence to the contrary, that the employer is carrying on a business that comes within the provisions of the act. * * *"

In Oklahoma Natural Gas Corporation v. Hall, 166 Okl. 99, 26 P.2d 424, it is stated:

"An employee of a gas company delivering gas bills for employer from house to house of home consumers in a city does not come within the terms and provisions of the Workmen's Compensation Law of the state of Oklahoma."

We are of the opinion and hold that the language "telegraph, telephone, electric light or power plants or lines" in § 2, supra, did not authorize an award for a person employed as a messenger injured while delivering a message for a telegraph company.

85 O.S.1951 § 3, paragraph 1 is as follows:

" 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades mentioned in Section 13349, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or stock raising or employees of steam railroads engaged in interstate commerce."

It has been frequently held that a deliveryman in one of the lines and industries not included in § 2, supra, is not covered by the Workmen's Compensation Law by reason of § 3, supra. Mobley v. Brown, supra; Crown Drug Co. v. Hofstrom, 158 Okl. 27, 12 P.2d 519.

Since the employment of claimant is not covered by § 2 or 3 of 85 O.S.1951, the State Industrial Commission reached the correct conclusion when it denied an award. The order denying the award is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.